BRIGHTON *v.* LAKE SHORE & MICHIGAN SOUTHERN
RAILWAY CO.

1. EVIDENCE—CONTRACT OF EMPLOYMENT—WAIVER.

Plaintiff, in an action against a railroad company for the breach
of a contract to retain him in its employ for life at a fixed
monthly salary in settlement of a claim for personal injuries,
may show, for the purpose of rebutting a presumption of
waiver of his right to the stipulated salary, arising from his
acceptance of a smaller salary for several years, that he pro-
tested against the reduction to several in authority, that he
consulted his attorney in regard to it, and that the latter ad-
vised him in effect that his acceptance of the lesser sum would
not deprive him of the right to recover, in the event of his
wrongful discharge, the full amount due under his contract.

2. SAME.

Evidence of the plaintiff's general health, aside from the dis-
ability caused by the injury, is admissible in such action to
aid the jury in determining the probable duration of his life,
as bearing on the question of damages.

3. DAMAGES—WRONGFUL DISCHARGE—EXCESSIVE VERDICT.

A verdict for $4,791 for the wrongful discharge of a railroad
employé 47 years of age, employed under a contract that he
should be retained for life in defendant's service at a salary
of not less than $43.75 per month, is not legally excessive.

Error to Washtenaw; Kinne, J.   Submitted February
5, 1897.   Decided March 23, 1897.

*Assumpsit* by William Brighton against the Lake Shore
& Michigan Southern Railway Company for the breach
of a contract of employment.   From a judgment for
plaintiff, defendant brings error.   Affirmed.

*C. E. Weaver* (*George C. Greene* and *O. G. Getzen-
Danner*, of counsel), for appellant.

*Lehman Bros.* and *Thomas J. Navin*, for appellee.

MOORE, J. This case has been here once before, and is reported in 103 Mich. 420. The facts are so fully stated in the reported case that it will be necessary here to refer only to the facts first offered on this trial. Many of the legal questions sought to be raised here now were settled in the former trial, and must be treated as *res judicata*.

In disposing of the former case, this court held that, as the plaintiff received less than $43.75 per month for a long period of time, without protest or complaint, it was strong evidence against the execution of the contract, and was a clear waiver of his right to a subsequent claim of $43.75 per month for the time covered by such payments. It was held that it was not only evidence of waiver, but, unexplained, it amounted in the law to a waiver. On the second trial, for the purpose of showing that he had protested and made complaint at the reduction of his wages, and to do away with the presumption of waiver, plaintiff gave evidence of a talk he had with Mr. Miller, his attorney, and what was told him as to the effect of his accepting employment at a reduced rate; of his procuring Mr. Spencer, freight agent at Manchester, who kept his time, to write to Mr. Blodgett, division superintendent, that he would not accept the cut; that he made a protest to Mr. Corbus, road-master at Adrian; and that he went to see Superintendent Hand, at Detroit, to get reinstated. This is said to be error. We think it was competent for the purpose for which it was offered.

This question and answer were given:

"*Q*. Aside from your disability, what is the condition of your physical and general health now, and how has it been since you were discharged?

"*A*. My general health is good, but I very often have a pain in my back and in my side, so that I cannot do any heavy lifting. Can do light work as well as any man."

It is said this was error. We think it was proper testimony to be given, for the purpose of enabling the jury to pass upon the probable duration of life, the plaintiff's

capacity for work, and to enable them to decide intelligently upon the question of damages.

Complaint is made that the court did not direct a verdict for the defendant. There is no reason now why he should direct a verdict for the defendant that did not exist when the case was here before.

The charge of the court upon the question of damages is said to be error. The court charged the jury in the language approved by this court when the case was here before, and, in addition thereto, gave the requests to charge presented by the attorneys for the defendant. There is nothing in this statement of the law of which the defendant has a right to complain.

The trial judge was asked to grant a new trial, because the verdict was against the evidence, and because the damages were excessive. We have already held that the case was a proper one for the jury, and there was testimony which, if believed by them warranted them in finding a verdict for the plaintiff.

Was the verdict so excessive that the court ought to interfere? The verdict was for $4,791, and was rendered in October, 1895. The accident occurred in 1874. The plaintiff was discharged in 1891, and, on the day of his discharge, was 47 years old. Testimony was given in detail of the earning capacity of plaintiff. Tables were introduced of his expectation of life. The jury had the facts before them, and they were correctly instructed in the law. We do not see any such disparity between the testimony and the verdict as would justify us in setting aside the verdict because it was excessive.

Judgment is affirmed.

The other Justices concurred.