124 App. Div. 619, 109 N. Y. Supp. 221; Bradner v. Faulkner, 93 N. Y. 515.

It follows, therefore, that the order should be modified, by denying the motion to strike out allegations other than the denials with respect to which, as already observed, the Special Term correctly ruled, and, as modified, affirmed, without costs. All concur.

(164 App. Div. 126)

RAGUE v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, Second Department. October 30, 1914.)

1. FRAUDS, STATUTE OF (§ 49*)—CONTRACTS—PERFORMANCE WITHIN YEAR.

A contract by defendant to pay plaintiff, a newspaper salesman, $10.50 a week as long as he abstained from the sale and distribution of a specified newspaper, was not within the statute of frauds, as a contract not to be performed within a year.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 74; Dec. Dig. § 49.*]

2. CONTRACTS (§§ 54, 215*)—CONSIDERATION—TERM.

A contract by defendant to pay plaintiff $10.50 per week as long as he abstained from the sale and distribution of a specified newspaper, plaintiff having previously earned $21 a week from the sale of such paper, was not without consideration, and would continue until plaintiff resumed the sale of the paper.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 233–239, 242, 243, 251, 254, 255, 291–315, 996–1009; Dec. Dig. §§ 54, 215.*]

3. CONTRACTS (§ 10*)—MUTUALITY.

A contract to pay plaintiff $10.50 per week as long as he abstained from the sale and distribution of a certain newspaper, which he had been selling, was not objectionable for want of mutuality.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

Appeal from Special Term, Richmond County.

Action by William J. Rague against the New York Evening Journal Publishing Company. From an order denying plaintiff's motion for judgment on the pleadings, he appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Bertram G. Eadie, of New Brighton (Guy O. Walser, of New Brighton, on the brief), for appellant.

Clarence J. Shearn, of New York City (John T. Sturdevant, of New York City, on the brief), for respondent.

THOMAS, J. The plaintiff was earning $21 per week from the sale and distribution of the Evening Telegram. The defendant requested him to discontinue the distribution, with an offer to pay him therefor $10.50 per week as long as he abstained from such sale and distribution. The plaintiff, induced thereby, relinquished the same, and has not resumed it. The defendant for several months paid the sum stipulated, and then declined further payment.

[1, 2] The contract by its terms was not within the statute of frauds

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with reference to its completion within one year. Kent v. Kent, 62 N Y. 560, 20 Am. Rep. 502. It was not without consideration, as the plaintiff abandoned a valuable business. The duration of the contract was not unmeasured, as it would continue until plaintiff did an act, viz., resumed the sale of the Telegram. Harrington v. Kansas City Cable Ry. Co., 60 Mo. App. 223; Carter White Lead Co. v. Kinlin, 47 Neb. 409, 66 N. W. 536; McMullan v. Dickinson Co., 63 Minn. 405, 65 N. W. 661, 663.

[3] But it is urged that the contract failed in mutuality. There was all the mutuality that the nature of defendant's offer permitted. The plaintiff was not asked to promise, but to do an act. He made renunciation of profitable employment and was continuing it. That was exact acceptance of all that was tendered. The plaintiff did not promise, but he did the required thing. Mutuality does not depend on words alone. It is unimportant that the continuance of the renunciation depends upon plaintiff's will. If a master owe, or is claimed to owe, a servant damages for personal injury, and promise him employment in consideration of a release therefor, and the release be given and the employment undertaken, there is mutuality, although the servant may at his will cease working. Carter White Lead Co. v. Kinlin, supra. So when permanent employment is promised upon similar consideration. Pennsylvania Co. v. Dolan, 6 Ind. App. 109, 32 N. E. 802, 51 Am. St. Rep. 289. There was similar decision in Smith v. St. Paul & Duluth R. Co., 60 Minn. 331, 62 N. W. 392; East Line & Red River R. R. Co. v. Scott, 72 Tex. 70, 10 S. W. 99, 13 Am. St. Rep. 758; McMullan v. Dickinson Co., 63 Minn. 405, 65 N. W. 661, 663. If A. offer to pay B. $500 upon the consideration that the latter lay down a business, B. accepts by laying it down. The case does not differ in respect to mutuality if the offer be that B. relinquish the business in consideration of the payment of fixed installments, while the relinquishment continues and B. acts upon it. In either case, the offer, upon B.'s compliance, becomes an obligatory promise, based upon good consideration.

Both upon principle and authority the order should be reversed, with $10 costs and disbursements, and the motion for judgment granted, with $10 costs. All concur.