WILLIAM A. HEAMAN, Respondent, v. E. N. ROWELL Co., INC., Appellant.*

Fourth Department, June 29, 1932.

*George W. Watson* [*Bayard J. Stedman* of counsel], for the appellant.

*Everest A. Judd,* for the respondent.

SEARS, P. J.   The action is for damages for wrongful discharge of the plaintiff from the employment of the defendant.   The question involved is whether the plaintiff's employment by the defendant was at will or for life.   The order appealed from denied the defendant's motion to dismiss the complaint as failing to state facts sufficient to constitute a cause of action.   We are thus called upon to determine whether the facts alleged in the complaint are sufficient to show (at least *prima facie*) that plaintiff was entitled to employment by the defendant throughout his life.

The allegations of the complaint, so far as they relate to this question, are to the effect that in June, 1929, the plaintiff was in the employ of the United States government as an internal revenue agent and had been in such employ for almost twelve years; that his employment was protected by civil service rules and regulations and by the laws of the United States for the balance of his lifetime, and that he had earned and was entitled to certain pension and retirement rights; that the defendant knowing all these facts requested that the plaintiff resign his position with the United States and promised that if he would resign his position and go to work for defendant as auditor and assistant to the president, the defendant would furnish him continuous and permanent employment during his lifetime at a greatly increased salary; that relying on and in consequence of this promise of the defendant, the plaintiff entered into a contract with the defendant on or about June 1, 1929, whereby he agreed to resign his government position with a consequent loss of all pension and retirement rights, and to go to work for the defendant as auditor and assistant to the president, and the defendant promised and agreed to employ the plaintiff for the rest of his lifetime at a salary of $5,120 per year, payable $60 per week,

and the balance, amounting to $2,000, in a lump sum at the end of each year thereafter as long as the plaintiff should live; that pursuant to this agreement, plaintiff resigned his government position and started to work for defendant on July 1, 1929, and continued to work for the defendant until November 13, 1929, when he was wrongfully and illegally discharged by the defendant without cause or justification, and to his damage.

It has been very generally held that a contract for " permanent " employment, in the absence of additional express or implied stipulations as to duration, or of a good consideration additional to the rendering of services contracted for is no more than an indefinite general hiring terminable at the will of either party. (*Arentz* v. *Morse Dry Dock & Repair Co.*, 249 N. Y. 439; *Rape* v. *Mobile & O. R. R. Co.*, 136 Miss. 38; 100 So. 585.) In a note to the last-cited case in 35 American Law Reports, 1422, authorities are collated.

Where, however, a consideration is given by the employee other than doing the work contracted for, such as the release of a claim for damages, or relinquishment of a business which the employee had been conducting, a promise to employ permanently or for life has been construed to give the employee a right to employment and compensation throughout his life, or at least as long as he is able to do the work and there is work to be done. (*Penna. Co.* v. *Dolan*, 6 Ind. App. 109; *Rape* v. *Mobile & O. R. R. Co.*, *supra;* *Usher* v. *N. Y. C. & H. R. R. R. Co.*, 76 App. Div. 422; affd., 179 N. Y. 544; *Pierce* v. *Tennessee Coal, Iron & R. R. Co.*, 173 U. S. 1; *Brighton* v. *Lake Shore & M. S. R. R. Co.*, 112 Mich. 217; *Carnig* v. *Carr*, 167 Mass. 544; *Rague* v. *New York Evening Journal Pub. Co.*, 164 App. Div. 126; *Louisville & Nashville R. R. Co.* v. *Cox*, 145 Ky. 667.) While under the complaint in the instant case there is no promise on the part of the plaintiff to continue in the defendant's employ, and although it may appear upon the trial that it was impossible for the plaintiff to perform his work for defendant without giving up his government position, nevertheless, we are not able on the complaint alone to determine that the resignation of the plaintiff of his government position was a mere incident to his employment by the defendant, and not intended as a consideration. In view of the very definite terms alleged to have been used as to the employment of the plaintiff for his natural life with payment of wages, partly by the week and partly at the end of each of the recurring years, with a definite requirement included in the defendant's offer of employment that the plaintiff should resign his government position with the consequent loss of pension and retirement rights, we find enough alleged to justify the conclusion that the contract of employment was not at will so far as the defendant

was concerned but included an enforcible engagement to give the plaintiff work throughout the plaintiff's life. We find support for this view in the decision of the Court of Appeals of the District of Columbia in *Riefkin* v. *E. I. DuPont DeNemours & Co.* (290 Fed. 286) which involved a similar situation. On the face of the complaint, therefore, we find sufficient facts alleged to constitute a cause of action.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

All concur.

Order affirmed, with ten dollars costs and disbursements.