EDNA A. RALPH, Plaintiff, *v.* EDITH S. CRONK, as Administratrix, etc., of ADELBERT D. CRONK, Deceased, Defendant.

Supreme Court, Erie County, January 11, 1934.

*Means & Benzinger* [*Joseph A. Benzinger* of counsel], for the motion.

*Rann, Vaughan, Brown & Sturtevant* [*Mark N. Turner* of counsel], opposed.

NOONAN, J.   This is a motion by the defendant for leave to serve a supplemental answer setting up the provisions of the amendment of 1933 to section 31 of the Personal Property Law, that amendment having been passed after this case was at issue (Laws of 1933, chap. 616).

The action is for damages for breach of contract to make a bequest of money to the plaintiff. The contract is alleged to have been made in 1930. The promisor died intestate in 1931. The suit was brought in June, 1932, and came to an issue in that month. The amendment of 1933 provides: " Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

" 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime;   *   *   *

" 7. Is a contract to bequeath property or make a testamentary provision of any kind."

No question is raised but that the contract, if made, was valid when made.   It is plain that if the statute is to be construed literally, it, by making the contract void from the time of the enactment of the statute, impairs the obligation of the contract, and it is, therefore, unconstitutional under the United States Constitution, article 1, section 10, paragraph 1.

The defendant contends, however, that the statute is not to be construed literally, but as affecting the remedy only by introducing a new rule of evidence, to wit, that such contracts can be proved only by the note or memorandum, subscribed by the party to be charged thereby.   If the defendant's construction of the statute is correct, the constitutional objection is not obviated.   It is true that, in general, the Legislature retains control over remedies, and that a mere alteration in the remedy does not impair the obligation of the contract, but this statement is subject to the qualification that a reasonably efficient remedy must remain to the contracting parties or be substituted in place of the remedy taken away.

Unreasonable alterations of the law of evidence resulting in the destruction or serious impairment of the remedy upon a contract,

impair the obligation of the contract within the meaning of the constitutional provision.

" All contracts are supposed to be made with reference to existing laws, and subsequent legislation which effects unreasonable changes in the rules of evidence for the enforcement of the contract, or which repeals laws upon which its validity or enforcement depends, impairs the obligation of the contract within the restrictions of the Constitution." (*Davis* v. *Supreme Lodge, Knights of Honor*, 165 N. Y. 159, 170, and cases cited.)

In *McGahey* v. *State of Virginia* (135 U. S. 662) the Supreme Court held that an act of the State of Virginia providing that expert evidence should not be received for the purpose of proving the genuineness of coupons cut from State bonds impaired the obligation of the contract of the State with the holders of the coupons.

By its terms the amendment of 1933 took effect immediately. No time was afforded to any of the parties to a contract of the nature described in the statute to enforce it before the act should become effective. If, then, the statute is to be applied to contracts in existence at the time of its enactment, the contracting parties would be deprived of all remedy and this, under the principles announced in the cases cited, constitutes an impairment of the obligation of the contract.

The motion is denied, but for the purpose of keeping the record clear the order should recite that it is denied solely upon the ground that the defense set up in the proposed supplemental answer is insufficient in point of law and that the denial of the motion is not made in the exercise of the court's discretion.

Enter order accordingly.