MARY J. TRICKEY, Respondent, v. J. M. PITKIN & COMPANY, INCORPORATED, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict is in our judgment against the weight of the evidence in its finding that there existed between the parties a contract for the life of the plaintiff. We view the evidence in the light of the statements contained in the opinion of Chief Judge Pound in *Heaman* v. *Rowell Co., Inc.* (261 N. Y. 229), where he said: " That a contract for employment for life if authorized by the corporation and based on an adequate consideration, will ordinarily be sustained admits of no dispute. * * * Alleged contracts of life employment are, however, so unusual as to have been, with rare exceptions, condemned by the courts as unreasonable and unauthorized." The bill of particulars specified the time of the making of the alleged contract as on the 5th or 6th of July, 1929, and the latter part of September or first part of October, 1929. At these times conversations occurred between the plaintiff and an officer of defendant. The proof of the contract of employment as a life contract rests almost entirely on the testimony of the plaintiff. In narrating the conversation occurring on the earlier date, the plaintiff without suggestion testified that the employment was to be for as long as she wished to work, which would not constitute a contract other than at will. Under leading questions, however, the plaintiff testified that she agreed to work for her life. Letters, however, were introduced in evidence by the plaintiff, written by the defendant within a few days after the date of this conversation, which are wholly inconsistent with any finding that a contract for employment for life was made between the parties in the conversation referred to. In fact, nowhere in the voluminous correspondence between the parties have we found anything to indicate that the agreement between the parties either as contemplated or as made was more than to give to the plaintiff a steady job. (*Arentz* v. *Morse D. D. & Repair Co.*, 249 N. Y. 439.) As to the conversation occurring about the first of October or two months after the plaintiff had begun the service contemplated by the contract which is made the basis of the complaint, the plaintiff narrated a conversation with an officer of the defendant very similar to that which she claims occurred at the earlier meeting between herself and the officer of the company. She is corroborated to some extent by her sister, but contradicted by the defendant's officer who took part in the conversation. In view of the unsatisfactory character of her testimony relating to the earlier conversation and in view of the contents of the correspondence between the parties, we reach the conclusion that the finding of the unusual and extraordinary contract for life employment in this case is against the weight of the evidence. We do not

put our decision here on lack of consideration (for the relinquishment of the possibility of teaching is too uncertain and vague and too lacking in value to be deemed a legal consideration), but we take the absence of consideration into account as bearing upon the probability or improbability of the parties having agreed to a contract for life. (Restatement of the Law of Agency, § 442; and see *Heaman* v. *Rowell Co., Inc.*, 236 App. Div. 34.) We do not put our reversal of the judgment upon errors of law. Such as occurred are not of such magnitude as to warrant a reversal. All concur. (The judgment is for damages for wrongful discharge of plaintiff as the head of sales department. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.