JOSEPHINE DE PAOLA, Plaintiff, *v.* GEORGE JULIUS GREENSPAN Defendant.

Supreme Court, Special Term, New York County, March 2, 1938.

MOTION to dismiss complaint in action for breach of contract.

*Louis H. O. Fishman* and *Alfred James,* for the plaintiff.

*Murray Waldman,* for the defendant.

NOONAN, J.   The complaint is attacked under rule 106 of the Rules of Civil Practice for insufficiency and lack of jurisdiction in the court to entertain the action.   It alleges that on or about April 26, 1936, the defendant promised to pay to the plaintiff the sum of twenty-five dollars each week in consideration of the plaintiff ceasing and refraining from work for the rest of her natural life; that on or about that date the plaintiff was employed and earning thirty-five dollars a week, which the defendant knew; that the plaintiff ceased work on or about April 26, 1936; and that on or about October 15, 1936, and at all the times thereafter mentioned, the defendant failed and refused to pay the promised

remuneration to the plaintiff. It is finally alleged that the plaintiff, in order to minimize the damage, made diligent effort to obtain work and commenced working on or about May 7, 1937, at the rate of ten dollars per week, and had so worked intermittently since that date.

Judgment is demanded for $15,000.

The first point of attack is that the complaint fails to allege a consideration on plaintiff's part for the defendant's promise.

This is not the case, however, as may be gathered from the allegations of the complaint, where the consideration for one promise was the giving of another promise. Rather, it was the plaintiff's act in giving up her employment and ceasing from work which constituted the consideration for the defendant's promise to pay her the stipulated sum per week. The consideration for a promise need not confer a benefit on the promisor. It is enough that it be a detriment to the promisee. (*Hamer* v. *Sidway*, 124 N. Y. 538; *Rague* v. *New York Evening Journal Pub. Co.*, 164 App. Div. 126; *Fredenburg* v. *Fredenburg*, 159 Misc. 525, 527.)

Secondly, it is contended by the defendant that the complaint fails to allege performance by the plaintiff. It is urged that the plaintiff is suing for an anticipatory breach of the contract which cannot be done in the case of a unilateral contract for the payment of money in installments. The merit of this contention need not be considered on this motion where the complaint is attacked for insufficiency, it being enough that the plaintiff is entitled to receive damages in some amount.

Finally, the defendant says that the alleged contract as pleaded is void as against public policy. To support this point, the defendant argues that the allegations of the complaint are a mere subterfuge and an attempt to hide behind the true facts out of which the action arises. It is said that the real cause of action is one that is void under section 61-a of the Civil Practice Act. What this real cause of action is the defendant does not disclose. Clearly there is no merit to this contention, as the complaint must be judged by its allegations, and there is nothing therein contained which in any manner tends to show that the agreement upon which the action is based is against public policy.

The court, therefore, upon the face of the complaint, has jurisdiction of the cause.

The motion to dismiss the complaint is, accordingly, denied, with ten dollars costs, with leave to the defendant to answer within twenty days after service of a copy of this order with notice of entry.