In the Matter of the Estate of MARY LOUISE QUIGLEY, Deceased.

Surrogate's Court, Ulster County, December 8, 1942.

*H. Westlake Coons* for executor.

*Emery J. Hey* for Susie Kilday.

*Lounsberry & Lonstein* for Lulu Taylor, claimant.

FLEMMING, S. Upon the judicial settlement of the account of the representative of the above estate, the claim of Lulu Taylor, a niece of decedent, for services including household work and nursing was tried. Claimant was a resident of Ellenville, Ulster county, where she lived with her husband, and prior to March, 1939, had been employed in a factory.

Decedent, who lived at Napanoch, some few miles distant, was taken ill in March, 1939, and the claimant, at decedent's request, rendered the services subsequent thereto. To do so, she left her work at the factory. Claimant was either taken back and forth by her husband or drove her car.

The illness of March, 1939, necessitated care at the Ellenville hospital and it was after decedent's return from the hospital that the assistance of the claimant was requested.

Claimant identified a record of days that she was in attendance upon decedent and claimant's husband used the record to refresh his recollection when testifying to the period of the services. He had also observed his wife keeping the record from time to time following trips to the decedent's home. The decedent, in the presence of claimant's husband, had stated that the claimant would be better paid after she was gone; also decedent had said on other occasions claimant would be better paid later, and again that claimant would be well paid. There was no stated compensation arranged for, and none paid, during the decedent's lifetime. Claimant did not render a bill to decedent.

Florence B. Klein, a former trained nurse living in the neighborhood, had called at the decedent's home many times, particularly between March, 1939, and the date of decedent's death, November 1, 1940. She described decedent's illness as " spells " which she would have a couple of days at a time and at times at night. The witness was frequently called at night by a nephew who would also go after the claimant. Witness had seen claimant at decedent's house in March, 1939, and subsequent thereto to the time of decedent's death, November 1, 1940, as she, the witness, described it " *very, very many times.*" Witness had gone to decedent's home two or three times a day and had seen claimant doing housework and caring for decedent. Decedent told the witness she was going to look after the claimant.

Claimant contends that the facts and circumstances proven justify a finding of an implied contract to pay for meritorious services rendered. Decedent was an aunt of claimant. Each of the parties maintained her own home. The relationship and circumstances do not warrant the assumption that there was no expectation of payment by either party; in fact, the contrary appears. *Matter of Hughes* (229 App. Div. 614) and *Caldwell* v. *Lucas* (233 N. Y. 248, 254), are decisions which were in point prior to the amendment of 1933 to the Personal Property Law, article 3, section 31 (Cons. Laws, ch. 41; amd. by L. 1933, ch. 616). The effect of that amendment in its application to the instant case is important. Subdivision 1 of section 31 voids an oral agreement not to be performed within one year from the making thereof, or where the performance thereof is not to be completed before the end of a lifetime.

Subdivision 7 of section 31 requires a contract to bequeath property or make a testamentary provision of any kind to be evidenced by a writing and subscribed by the party to be charged, or his lawful agent.

In the instant case payment was deferred. No definite date was fixed. The inference might well be that it was to be made by way of a bequest; the words " after I am gone," used on one occasion, so indicate. That claimant would be " paid later " cannot be construed as a provision to pay within one year. Apparently there was the expectation that claimant would be provided for in decedent's will. That was not realized. Objections were filed to the probate of decedent's will by claimant and another, and later withdrawn by consent.

The claim for services rendered by the claimant in the instant case, however meritorious, is barred by the statute. (Personal Property Law, art. 3, § 31, subds. 1, 7.)

In *Matter of Ditson* (177 Misc. Rep. 648), the Surrogate's Court of New York County (FOLEY, S.) in a well-considered opinion reviewed the rule laid down by the courts prior to the amendment referred to and the effect thereof. (See also *Bayreuther* v. *Reinisch,* 264 App. Div. 138.)

We are here dealing with general principles and the construction of a statute enacted to prevent the assertion of oral claims against funds of deceased persons after their death, when a person alleged to have made the oral agreement is no longer able to make a denial. The purpose of the statute is clear. The intention of the Legislature and not the intention of the parties is controlling. The statute should not be defeated by judicial construction.

The claim must be dismissed. A decree may be entered accordingly.