CHARLES SIMONSON, Individually and as Surviving Executor of and Trustee under the Will of FRANK D. SIMONSON, Deceased, et al., Appellants, v. CITY OF NEW YORK, Respondent.— In an action in ejectment, judgment dismissing the complaint on the merits, entered after a trial by the court without a jury, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ.

HERMAN WEISS, Respondent, v. MARTIN WEISS et al., Appellants, et al., Defendants.— Action to recover twenty-one payments, pursuant to an alleged oral contract whereby plaintiff was to receive from defendants the sum of fifty dollars a week for life if he would forego all efforts to rehabilitate a laundry business and retire. On appeal from a judgment in favor of plaintiff and from a resettled order denying motion of appellants for a directed verdict or for a new trial, judgment and order insofar as appealed from, reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. The verdict was against the weight of the evidence. The version of the plaintiff as to the events leading to the alleged offer and its acceptance is contrary to the credible proof showing that the laundry company had become hopelessly insolvent in August of 1941, and that plaintiff had then resigned from office in the corporation and had retired as one who had become unable to do any work, receiving shortly thereafter disability payments from insurance companies by reason of incapacity. There was no credible proof that anyone would put fresh money into the enterprise at the behest and on behalf of plaintiff. His son, who testified on his behalf, had himself become a member of the new group which proposed to create a new and independent corporation, for the benefit of which the alleged contract with plaintiff was made. The motion to amend the answer setting up the Statute of Frauds as a defense should have been determined before the case was submitted to the jury and, assuming that there was a question of fact as to the circumstances warranting estoppel of appellants from invoking the statute, as claimed by the respondent, such question should have been submitted to the jury. The jury was not given an opportunity to pass upon that question. The verdict does not establish the truth of plaintiff's version of abuse of a confidential relationship by appellants. We are of opinion, moreover, that even if plaintiff's proof on this phase, sharply disputed by proof adduced by appellants be assumed to be true, it does not warrant avoidance of the Statute of Frauds (Personal Property Law, § 31, subd. 1). This is an action on contract and not for its rescission. Any illusion of plaintiff that the activities of defendant Martin Weiss as to rehabilitation were on his behalf must have been dispelled early in January of 1942, when that defendant and the other defendants made their offer. These prior activities and the purchase of the first and second mortgages by other defendants in the meantime, whether or not with knowledge of plaintiff, were immaterial in the light of the acceptance of the offer by plaintiff on February 15, 1942, which envisaged these very activities. Plaintiff had considered the offer in the meantime and had sought the advice of his wife and required appellants to repeat it to him on the last mentioned date in the presence of witnesses. There was no reliance upon a relationship, or fraud inducing the making of a contract, which would render the Statute of Frauds inapplicable. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.