MARGARET H. OWENS, Respondent, *v.* FRANK J. OWENS, Appellant.

Supreme Court, Appellate Term, Second Department, January 14, 1954.

*Demarest J. Hahn* for appellant.

*Robert E. Lee* for respondent.

*Per Curiam.* The agreement allegedly made by the parties on or about December 16, 1949, whereby, in consideration of the payment of $5,000 by the plaintiff to the defendant, her son, he would permit her " from time to time as she desired during the rest of her life, to visit his home and remain there, as a guest on such occasions, for a period of a few days," was one which could be completed only *at* the instant of death of either party rather than " before the end of a lifetime." Accordingly, defendant's motion for judgment on the pleadings, pursuant to rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act, based upon the defense of the Statute of Frauds pleaded in the answer (Personal Property Law, § 31, subd. 1) and plaintiff's admission in her bill of particulars that the agreement was oral, should have been granted. (*Matter of Douglas,* 169 Misc. 716, affd. 256 App. Div. 908, see, also, 256 App. Div. 1070; *Tinto* v. *Howard,* 52 N. Y. S. 2d 245, affd. 269 App. Div. 990.)

Neither the close blood relationship between the parties nor the fact that the plaintiff has fully performed her part of the agreement takes this case out of the operation of the statute. This is not an equity action for the specific performance of a parol agreement such as was involved in *Matthews* v. *Matthews* (133 N. Y. 679). It is simply an action at law to recover for the

breach of an oral agreement within the statute. The mere refusal to perform it is not such a fraud as will justify a court in disregarding the statute (cf. *Meltzer* v. *Koenigsberg*, 99 N. Y. S. 2d 143, 148, affd. 277 App. Div. 1050, affd. 302 N. Y. 523, and *Coler* v. *Coler*, 271 App. Div. 877, affd. 297 N. Y. 488) and under the decisions nothing short of full performance by both parties can have that result. (*Bayreuther* v. *Reinisch*, 264 App. Div. 138, affd. 290 N. Y. 553.)

In reviewing the order appealed from the court has not considered the affidavit of plaintiff's attorney submitted below in opposition to the motion (*Gracie Square Realty Corp.* v. *Choice Realty Corp.*, 305 N. Y. 271, 278, 279). Such an affidavit may not be read upon a motion for judgment on the pleadings except under very limited circumstances not present here. (*Chance* v. *Guaranty Trust Co. of N. Y.*, 256 App. Div. 840; *Drimmer* v. *Rand McNally & Co.*, 111 N. Y. S. 2d 902, 905.)

The order should be unanimously reversed upon the law, with $10 costs and taxable disbursements to the appellant and the motion granted, without costs, and without prejudice to any other action in law or in equity which plaintiff may be advised to institute.

WALSH, COLDEN and UGHETTA, JJ., concur.

Order reversed, etc.