Robert H. ECKHART, Plaintiff,

v.

PLASTIC FILM CORPORATION, Defendant.

Civ. A. No. 4804.

United States District Court, D. Connecticut, Civil Division.

March 8, 1955.

278

Arthur Levy, Jr. (of Friedman & Friedman), Bridgeport, Conn., for plaintiff.

William Reeves (of Pullman, Comley, Bradley & Reeves), Bridgeport, Conn., for defendant.

ANDERSON, District Judge.

This is an action in four counts all based upon the plaintiff's claim that he was induced to give up a civil service position with the United States Government and take employment with the defendant as a packaging engineer for a salary of $12,000 per year on the defendant's representation and agreement that the employment in that position would be permanent and continue for the plaintiff's remaining life. The defendant denies such an agreement and pleads three special defenses: 1. the statute of frauds; 2. accord and satisfaction; and 3. plea that no official of the defendant had power to bind the defendant corporation in an agreement to employ the plaintiff for life.

Under the law of Connecticut the contract of employment must be considered in the light of the law of the state where it was to be performed. McLoughlin v. Shaw, 95 Conn. 102, 111 A. 62; and Craig & Co., Ltd. v. Uncas Paperboard Co., 104 Conn. 559, 133 A. 673.

The materials to be considered here in connection with this motion for summary judgment are the pleadings, the affidavits of William B. Nichols, A. C. Bruce and Sidney Mattison, president, vice-president, and secretary respectively, of the defendant corporation, and the affidavit and deposition of the plaintiff.

These disclose that the contract of employment was made in New York and the plaintiff worked in the New York office of the company or worked out of the New York office, with that office as the base of his operations. Plaintiff's and defendant's counsel agreed in oral argument that New York law should be applied in passing upon the construction and validity of the contract.

The defendant's first affirmative defense alleges that Section 31, New York Personal Property Law [1], enacted in 1933, bars the enforcement of contracts for permanent and life employment.

First, the defendant contends that the contract was one not to be performed within a year.

However, the general rule is that an oral contract for permanent employment or for life employment is not within the statute of frauds, rendering unenforceable contracts not to be performed within one year, because the contract is deemed possible of performance within one year from its formation upon the happening of various contingencies such as the death or disability of the employee within that period. 28 A.L.R.2d 878, 884; Edwards v. Kentucky Utilities Co., 286 Ky. 341, 150 S.W.2d 916, 135 A.L.R. 642, 688; 2 Corbin on Contracts, page 549, Section 446.

Second, the defendant also contends that the 1933 amendment to Section 31 prohibiting contracts "the performance of which is not to be completed before the end of a lifetime" was enacted as a legislative rejection of an opinion rendered in the Appellate Division in Heaman v. E. N. Rowell Co., 1932, 236 App. Div. 34, 258 N.Y.S. 138, reversed on other grounds, 1933, 261 N.Y. 229, 185 N.E. 83, which upheld a cause of action for breach of a life employment contract. This contention is, however, not persuasive.

In the present case the plaintiff claims that under the contract with the defendant his employment was "permanent—for the duration of his life." The plaintiff claims that in addition to the services to be rendered by him to the defendant the latter also received a consideration in the detriment which the

---

1. New York Personal Property Law, Section 31: "Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;

"1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime; * * *."

plaintiff suffered by giving up a United States Government position and the civil service benefits attached to it.

■ Assuming this to be true, such a contract is valid and "continues to operate so long as the employer remains in the business and has work for the employee and the employee is able and willing to do his work satisfactorily and does not give good cause for his discharge—a discharge without good cause constituting a breach of such a contract entitling the employee to recover damages therefor." 135 A.L.R. 654.

If the facts and circumstances demonstrate that the employee furnished sufficient consideration with the intention of the parties that the employment be for life, a discharge without cause is actionable. Arentz v. Morse Dry Dock & Repair Co., 249 N.Y. 439, 164 N.E. 342, 62 A.L.R. 231; Trickey v. J. M. Pitkin & Co., Inc., 1936, 249 App.Div. 707, 291 N.Y.S. 430; Heaman v. E. N. Rowell Co., 236 App.Div. 34, 258 N.Y.S. 138, reversed for reasons not relevant to the present discussion.

■ It has been held in New York and in other jurisdictions that the employee who has resigned his position with the United States Government where he had the benefits and protection of civil service rules and regulations for the remainder of his lifetime, and under which he was entitled to certain pension and retirement rights, has furnished a sufficient consideration. Heaman v. E. N. Rowell Co., supra; 135 A.L.R. 646, 670; 35 A.L.R. 1432, 1435; Riefkin v. E. I. Du Pont de Nemours & Co., 53 App.D.C. 311, 290 F. 286, 289.

Subsequent to 1933, the New York courts have recognized that permanent and life employment contracts are valid. Brown v. Babcock, 1943, 265 App.Div. 596, 40 N.Y.S.2d 428, 431; Trickey v. J. M. Pitkin & Co., Inc., 1936, 249 App. Div. 707, 291 N.Y.S. 430; Weiner v. Pictorial Paper Package Corp., 1939, 303 Mass. 123, 20 N.E.2d 458.

■ It should be noted that these last cited New York cases followed the 1933 amendment to the statute of frauds which included within its terms agreements "the performance of which is not to be completed before the end of a lifetime". It is to be presumed that the New York courts, which in those cases discussed that part of the statute of frauds which deals with agreements not to be performed within one year, were certainly cognizant of the "lifetime" provision which is in the same sentence of the statute and apparently felt that it had no bearing on permanent or lifetime employment contracts. Just as the "one year" provision of the statute of frauds does not apply to such employment contracts because it is possible that they will be terminated before the year has passed, so the "lifetime" provision must be held not to apply because the contract may be ended through the employer's going out of business or running out of work, or the employee's inability to work or his unwillingness to perform satisfactorily.

Moreover the New York courts have held that the purpose of this 1933 amendment was to prevent assertion of oral claims against the funds of deceased persons who after their death are unable to make a denial. In re Quigley's Estate, 1942, 179 Misc. 210, 38 N.Y.S. 2d 330; Bayreuther v. Reinisch, 264 App.Div. 138, 34 N.Y.S.2d 674, affirmed 1943, 290 N.Y. 553, 47 N.E.2d 959; In re Ditson's Estate, 177 Misc. 648, 31 N.Y.S.2d 468.

The defendant's supplemental memorandum of law states that the court during oral argument of the motion indicated that such employment might be terminable within a year because the company might feel it would mean that the contract could be performed within a year is not the thought which the court intended to convey. The court suggested that an analogy existed between the interpretation given to the "within one year" provision of the New York statute of frauds and the "before the end of a lifetime" provision of the same statute. Just as a contract which *may* be performed before the end of a year is removed from the effect of the former clause of the statute so is a contract

which *may* be performed before the end of a lifetime removed from the effect of the latter clause of the statute; and the definition given by the courts to a contract for *permanent employment* or for *employment for life* makes the period of employment as a *matter* of *law* something which *may* be shorter than the actual balance of the contracting party's natural life.

 I find that it is the law of the State of New York that the "lifetime" provision of the statute of frauds does not apply to facts such as those in the present case.

 The question of the kind of agreement made, its terms, the intention of the parties and the consideration involved all present material issues of fact which must be determined at a trial.

The defendant also sets up as a second affirmative defense the plea of accord and satisfaction.

 The defendant apparently paid the plaintiff within a few months after the termination of his employment during the first week of July, 1952, approximately $2,500. Part of this was a check for his salary for the remainder of July, another check was for salary for August and September for which the plaintiff did no work and a third check was for moving expenses of $815.50. The defendant claims that the plaintiff accepted these in full settlement of any and all claims that the plaintiff might have against the defendant. The plaintiff calls the check for the remainder of July a gift and described it as the "gracious check," and implies that it was in lieu of notice. He describes the other salary checks, not as a gift of unearned salary for August and September, but as his earned portion of the annual bonus. He claims that the third check concerned his moving expenses only, and he contends that the letter of November 7, 1952, from the defendant to him and the acceptance of the check for $815.50 in full settlement was, as the check itself indicated, in full pay-ment of "the following account" i. e. the moving expenses and not in full settlement of all claims and demands. What is said in these writings is only evidential and not conclusive. Perhaps the defendant's interpretation is the true and correct one, but for the purpose of a summary judgment in its favor, it would have to show that within the realm of reason it was the only possible one. I find, however, that it would be possible for a jury reasonably to adopt the plaintiff's story as to what was said and done and intended by the parties. There are clearly material issues of fact. To fulfill the requirements of an accord and satisfaction as defined in Crucible Steel Co. v. Premier Mfg. Co., 94 Conn. 652, on page 656, 110 A. 52 and in Davidoff v. Thomas A. Edison, 2 Cir., 45 F.2d 565, on page 568, certiorari denied 283 U.S. 839, 51 S.Ct. 487, 75 L.Ed. 1450, the plaintiff would have to be disbelieved and liberal inferences would have to be drawn to support the plaintiff's conclusions.

 The third affirmative defense, claiming no power in the corporation or authority in any officer or employee to make a contract of employment for life, would have furnished a more likely basis for summary judgment if it had been supported by sufficient documentary material. There is nothing quoted in the laws of New York or in the Articles of Incorporation or by-laws of the defendant which places a limitation upon the length of a contract of employment. The New York Court of Appeals decision in the case of Heaman v. E. N. Rowell Co., 236 App.Div. 34, 258 N.Y.S. 138, supra, lays down very strict rules with regard to the acts of officers of corporations in making such contracts but recognizes that they may be valid. There is nothing in the defendant's material which denies that the board of directors or others responsible for the management of the corporation made or authorized the making of such a contract with the plaintiff; no reference is made to what the Minutes of Shareholders' or Directors' Meetings said or did not

say on the subject; nor is there any denial that the officers of the defendant who hired or ratified the hiring of the plaintiff were acting formally or informally as directors. The defendant's affidavits are particularly barren of any statement of the circumstance concerning the hiring of the plaintiff and the authority or lack of it, of those who did make the contract of employment with the plaintiff or who ratified it. On a motion by the defendant for summary judgment the court cannot make a ruling in favor of the defendant based upon inferences from its material in the face of contrary inferences which can be reasonably drawn from the plaintiff's material.

"* * * for purposes of ruling on the motion all factual inferences are to be taken against the moving party and in favor of the opposing party." Moore's Fed. Practice, Vol. 6, page 2165.

It is, therefore, not possible to find support for the motion in the third affirmative defense.

The motion for summary judgment is denied.