Blanche E. **RUBENSTEIN**, Plaintiff, Appellant,

v.

Archie L. **KLEVEN**, Defendant, Appellee.

No. 5405.

United States Court of Appeals First Circuit.

Dec. 17, 1958.

See also 21 F.R.D. 183.

Irving I. Erdheim, New York City, with whom Louis Jacobs, Boston, Mass., Erdheim & Armstrong, New York City, and Jacobs & Labb, Boston, Mass., were on brief, for appellant.

Richard Wait, Boston, with whom Claude B. Cross and Philip M. Cronin, Boston, Mass., were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Massachusetts granting the defendant's motion for summary judgment.

The plaintiff, who is a resident of New York, alleged in her complaint that on or about August, 1949 in New York City "the plaintiff and the defendant entered into an agreement, wherein and whereby the defendant agreed to pay the plaintiff One Thousand ($1,000.00) Dollars per month, in each and every month during the remainder of the plaintiff's natural life, in consideration of the plaintiff's agreement to devote all or substantially all of her time and attention to the defendant; to account to the defendant for all of her waking moments; be at the defendant's beck, call and direction at such times as the defendant should desire; and in furtherance of said relationship to obey the defendant's wishes, in regard to plaintiff's deportment, conduct, habits, associations, friends, time, entertainment and education; to act as companion to the defendant at all times requested by the defendant; to accompany the defendant to restaurants, dinner, on travel and elsewhere."

The defendant, a resident of Massachusetts, denied the existence of such a contract and filed a motion for summary judgment on the ground, among others, that as a matter of law the alleged contract violated the New York Statute of Frauds.

The plaintiff in her affidavit in opposition to the defendant's motion admitted that the contract was oral. The district court granted the defendant's motion holding that the oral contract fell within the lifetime provision of § 31(1) of the New York Personal Property Law, McKinney's Consol.Laws, c. 41 which provides:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in

writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

"1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime; * * *."

The plaintiff contends in this appeal that the decision of the district court was erroneous and contrary to the interpretation of § 31(1) adopted by the court in Eckhart v. Plastic Film Corporation, D.C.Conn.1955, 129 F.Supp. 277 which interpretation was followed in Cary v. U. S. Hoffman Machinery Corporation, D.C. 1957, 148 F.Supp. 748, 752. However, we are of the opinion that insofar as the Eckhart case conflicts with the decision of the court below it is in error. In the Eckhart case the district court suggested that § 31(1) was not intended to invalidate lifetime employment contracts and cited as authority for this proposition Brown v. Babcock, 4th Dep't 1943, 265 App.Div. 596, 40 N.Y.S.2d 428; Trickey v. J. M. Pitkin & Co., 4th Dep't 1936, 249 App.Div. 707, 291 N.Y.S. 430 and Weiner v. Pictorial Paper Package Corp., 1939, 303 Mass. 123, 20 N.E.2d 458. Both the Brown and Weiner cases involve contracts for permanent employment, and under the decision in Arentz v. Morse Dry Dock & Repair Co., 1928, 249 N.Y. 439, 164 N.E. 342, 62 A.L.R. 231 the words "permanent employment" standing alone and by themselves do not mean lifetime employment but rather indicate only an agreement that the employment is to continue indefinitely and until one or the other of the parties wishes for some good reason to sever the relation. There is no question that in the instant case the contract was for lifetime employment. In the Trickey case the contract was entered into in 1929 and therefore prior to the 1933 amendment to the Personal Property Law of New York which added the provision relating to lifetime performance contracts and consequently it did not come under the provisions of this amendment. See

Ralph v. Cronk, Sup.Ct.1934, 150 Misc. 69, 268 N.Y.S. 429, affirmed 266 N.Y. 428, 195 N.E. 139; Fredenburg v. Fredenburg, Sup.Ct.1936, 159 Misc. 525, 288 N. Y.S. 377. Moreover, the contract in the Trickey case was also for permanent rather than lifetime employment. Thus these cases cannot be considered on any ground as authority for the proposition that lifetime employment contracts are without the provisions of § 31(1).

As further ground for its decision, the court in the Eckhart case pointed to dictum in In re Quigley's Estate, Sur.Ct.1942, 179 Misc. 210, 38 N.Y.S.2d 330; Bayreuther v. Reinisch, 1st Dep't 1942, 264 App.Div. 138, 34 N.Y.S.2d 674, affirmed 290 N.Y. 553, 47 N.E.2d 959; In re Ditson's Estate, Sur.Ct.1941, 177 Misc. 648, 31 N.Y.S.2d 468, that the purpose of the 1933 amendment was to prevent assertions of oral claims against the funds of deceased persons who after their death are unable to make a denial. That this amendment should be so limited seems quite doubtful, however, in view of the words of the Court of Appeals of New York in Meltzer v. Koenigsberg, 1951, 302 N.Y. 523, 99 N.E.2d 679 that "The language found in the statute is clear and unambiguous, and, as this court long ago declared, and frequently repeated, in the construction of statutes, the intent of the framers 'is to be sought first of all, in the words and language employed, and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. * * *'" In the Meltzer case an oral agreement by promisors to share equally the proceeds of the deceased's estate with the plaintiff in consideration of the plaintiff's having paid certain of the deceased's expenses during his lifetime was held to be unenforceable. It is to be noted that the statute of frauds

was applied even though the promisors were alive at the date of the litigation. It would, therefore, follow that the statute cannot be interpreted as solely for the prevention of claims against the funds of deceased persons who after their death are unable to make a denial.

As additional support for the decision of the district court in the instant case, appellee cites four cases decided by the New York courts where § 31(1) has been applied so as to render lifetime contracts unenforceable. Tinto v. Howard, Sup.Ct. 1944, 52 N.Y.S.2d 245, affirmed App.Div., 2d Dep't, 269 App.Div. 990, 59 N.Y.S.2d 152; Owens v. Owens, App.Div., 2d Dep't, 1954, 205 Misc. 506, 132 N.Y.S.2d 215; Weiss v. Weiss, App.Div., 2d Dep't 1945, 268 App.Div. 1058, 52 N.Y.S.2d 557; Roth v. Patino, Sup.Ct.1945, 185 Misc. 235, 56 N.Y.S.2d 853. In our opinion, these cases clearly support the decision of the district court.

 Plaintiff's brief seems to suggest that as the one year provision is held inapplicable to lifetime contracts because of the possibility of complete performance within the year through the death of one of the parties, so this contract which by its terms is for a lifetime is not rendered unenforceable because of § 31(1) as there is a possibility that performance will be completed before the end of a lifetime through the plaintiff's inability to continue rendering her services as a companion or because her performance may not meet the reasonable approval of the defendant. However, plaintiff has not alleged that there was any express agreement as to a right of termination of the contract because of these contingencies. Cf. Blake v. Voight, 1892, 134 N.Y. 69, 31 N.E. 256. Moreover, neither the inability of the plaintiff to continue to render her services nor the refusal of the defendant to accept those services result in performance of the contract. Both are breaches of the contract but liability for such a breach may not be incurred because of circumstances excusing the completion of the promised performance. See 2 Williston on Contracts, § 496 (1936 ed.) By the terms of the contract the

defendant's liability is to endure to the instant of death of the plaintiff (see Owens v. Owens, supra, 205 Misc. at page 507, 132 N.Y.S.2d 215), and the endurance of the defendant's liability is the deciding factor. See Martocci v. Greater New York Brewery, 1950, 301 N.Y. 57, 92 N.E.2d 887. Consequently as the defendant cannot complete performance of the contract before the end of the plaintiff's lifetime, the contract clearly falls within the provisions of § 31(1) of the New York Personal Property Law.

A judgment will be entered affirming the judgment of the district court.