John D. Bennett, S.
This is a proceeding for judicial settlement of the account of the executors. The claimant has objected to the account as rendered on the basis that she has a valid claim which has been rejected in the account.
The claim herein is made on two bases, the first being the rendering of services based upon a promise to be compensated under a will, and the second being the reasonable value of services rendered pursuant to a contract between the claimant and decedent.
With respect to the first basis upon which this claim is urged, subdivision 7 of section 31 of the Personal Property Law states as follows: ‘ ‘ Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking; * * * 7. Is a contract to bequeath property or make a testamentary provision of any kind ”.
These provisions have been held applicable to situations involving claims for services rendered under circumstances similar to those present in this case (Matter of Quigley, 179 Misc. 210; Matter of Adams, 1 A D 2d 259, affd. 2 N Y 2d 796). Accordingly the claimant cannot prevail on this ground unless some writing is presented showing the terms of the alleged contract and satisfying the provisions of the statute. In the present case the court finds the evidence insufficient to support a binding contract or agreement to make a will, whether oral or in writing. The most that the claimant has proved is that the *170 decedent made statements complimentary to her with respect to her ability as a housekeeper and declared gratuitously that ‘< she will be well remembered ’ ’ in his will.
The second basis upon which claimant relies is that of an implied contract between herself and decedent and she now seeks to be compensated on a quantum meruit basis.
Upon all the facts and circumstances, the court is unable to find sufficient proof to sustain the claimant’s position. Proof is lacking of the services performed and the length of time spent by claimant in performing such services if, in fact, they were performed. Therefore, the claim is dismissed.