■ MORRIS GOLDSMITH, Appellant, v. JOHN A. WATERBURY, Respondent.— In an action for the specific performance of a contract for the sale by defendant to plaintiff of certain real property in the Village of Port Chester, plaintiff appeals from an order of the Supreme Court, Westchester County, dated July 16, 1962, which granted defendant's motion, pursuant to rule 112 of the Rules of Civil Practice, to dismiss the complaint on the ground that it failed to state a cause of action. Order affirmed, with $10 costs and disbursements, and with leave to plaintiff, if so advised, to serve an amended complaint within 20 days after entry of the order hereon. The contract is alleged to have been entered into through an exchange of letters. Plaintiff offered to purchase the described property for $25,000 cash. Defendant replied that he would accept $25,000 cash net to him, with arrangement for commission to be made by plaintiff. In our opinion, there was no acceptance of plaintiff's offer by defendant, the latter's letter being in effect a counteroffer; there was no agreement as to price, which was an essential element of the contract; and there was, therefore, no valid, enforcible contract between the parties (cf. *United Press* v. *New York Press Co.,* 164 N. Y. 406, 410; *Gram* v. *Mutual Life Ins. Co. of N. Y.,* 300 N. Y. 375, 382–383; *Willmott* v. *Giarraputo,* 5 N Y 2d 250, 253; *Eustathopoulo* v. *Gillespie,* 218 App. Div. 179, 186; *Viemeister* v. *McVoy,* 94 N. Y. S. 2d 396, 397, affd. 276 App. Div. 1102). In reviewing the order appealed from, the court has not considered the affidavit in opposition to the motion submitted below on behalf of plaintiff (cf. *Gracie Sq. Realty Corp.* v. *Choice Realty Corp.,* 305 N. Y. 271, 278, 279; *Arverne Bay Constr. Co.* v. *Thatcher,* 250 App. Div. 482, 483; *Owens* v. *Owens,* 205 Misc. 506, 508). Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ FRIDA HAUGHLAND, Respondent, v. SANFORD CAHAN, Appellant.— In a negligence action to recover damages for personal injury, defendant appeals from an order of the Supreme Court, Queens County, dated June 6, 1962, which denied his motion to dismiss the complaint for lack of prosecution (Rules Civ. Prac., rule 156). Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ In the Matter of AGUILAR GARDENS, INC., Appellant, v. WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Respondents.— In a tax certiorari proceeding to review and to reduce from $225,000 to $190,000 the assessment on certain real property in the Borough of Queens for the tax year 1960–1961, the petitioner appeals from a final order of the Supreme Court, Queens County, entered November 27, 1961 upon the decision of the court after a nonjury trial, which dismissed the petition on the merits and confirmed the assessment. Order affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.