PRODUCERS ROYALTY CO., INC., and Others, Plaintiffs, *v.* ALBERT OTTINGER, Attorney-General of the State of New York, Defendant.

Supreme Court, Monroe County, June 1, 1927.

Courts — jurisdiction — action to restrain Attorney-General from prosecuting action in Erie county Supreme Court under Martin Act against parties plaintiff herein and involving same subject-matter — complaint dismissed.

The plaintiffs in this action, brought in the Supreme Court of Monroe county, are not entitled to an injunction restraining the Attorney-General from prosecuting an action, under article 23-A of the General Business Law (the Martin Act), involving the same parties and the same subject-matter pending in the Supreme Court of Erie county, and, therefore, the complaint herein must be dismissed.

MOTION in an action in equity brought to restrain the Attorney-General of the State of New York from prosecuting an action in the Supreme Court of Erie county through the use of false complaints, affidavits, pleadings and other legal papers or any papers containing statements or allegations of fact which are known to him, his deputies, agents, employees, servants or clerks to be false or untrue and for other relief, and a counter motion on the part of the defendant for an order dismissing the complaint.

*Werner, Harris & Buck* [*Glenn L. Buck*], for the plaintiffs.

*Albert Ottinger, Attorney-General* [*Donald S. Dudley* and *Richard T. Anderson*], for the defendant.

RIPPEY, J.  On April 15, 1927, an action was commenced in the Supreme Court of the State of New York, with venue laid in Erie county, by the People of the State of New York against the Producers Royalty Co., Inc., Glenn L. Buck, Casper D. Decker, Ward E. Bailey, Robert H. Tew, Genesee Royalty Company, Inc., E. P. Pattison, John R. Phillips, John J. Feeney, Producers Royalty Sales Corporation, Charles G. Stranahan, Peter Frank and Grace DeLand, by the service of a summons and complaint therein upon Glenn L. Buck, one of the defendants, under article 23-A of the General Business Law (known as the Martin Act) to restrain the defendants, their officers, directors, agents, employees and representatives from selling, disposing of or otherwise dealing in the stock of the defendant corporations, for the appointment of a receiver to take over the property of the corporations and for such other relief as might be proper.  While no motion is, or can properly be, before this court to test the sufficiency of the complaint, it might be said for the purposes of decision here, that the complaint appears to be good upon its face.  (*People* v. *Federated Radio Corporation*, 244 N. Y. 33.)  At the time the summons and complaint were served it was accompanied by an order made by a justice of the Supreme Court of Erie county to show cause why the defendants should not be restrained during the pendency of the action from dealing in, selling or otherwise disposing of the stock or securities of the defendant corporations pending the determination of that action, which order to show cause was returnable on April 23, 1927, at a Special Term of the Supreme Court of Erie county, and accompanying such order to show cause were various affidavits and papers upon which such motion was to be made by the Attorney-General.  On April 23, 1927, the Attorney-General and Mr. Buck for himself, and the Producers Royalty Co., Inc., and the Genesee Royalty Company, Inc., appeared and the

proceedings were adjourned until the 16th day of May, 1927, and a motion was made and order granted permitting the Attorney-General further time in which to make service upon other defendants in the action and to amend the summons and complaint as he should deem proper, which action and all of which proceedings were pending in Erie county at the time of the making of the motion herein.

On the 21st day of April, 1927, this action was commenced in Monroe county by the service of the summons and complaint upon the Attorney-General. At the time of the service of the summons and complaint, an order, made by a justice of the Supreme Court of the seventh judicial district and dated April 20, 1927, was served upon the Attorney-General to show cause at a Special Term of the Supreme Court to be held in Rochester, on April 25, 1927, why a temporary restraining order against the Attorney-General should not be granted pending the trial of the Monroe county action, which order to show cause was accompanied by various affidavits and papers necessary for such a motion. The Attorney-General appeared upon the return date specially and moved to dismiss the proceeding in Monroe county on the ground that the court had no jurisdiction, on the ground that another action was pending between the same parties and for the same relief, and on the ground that the complaint in the Monroe county action did not state facts sufficient to constitute a cause of action, and on motion of the Attorney-General an opportunity was presented to file formal papers and the proceedings were adjourned to May 3, 1927. Upon the latter date the Attorney-General presented his formal papers in which he asked for a dismissal of the complaint on the foregoing grounds and for other relief.

It is not necessary to pass upon the merits of plaintiff's application inasmuch as the complaint in the Monroe county action must be dismissed and the parties left to their remedies in the action pending in Erie county.

It is a fundamental rule in all jurisdictions that where two actions between the same parties, upon the same subject and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy. (11 Cyc. 985; *Schuehle* v. *Reiman*, 86 N. Y. 270; *Conover* v. *Mayor, etc.,* 25 Barb. 513.)

The matter is discussed at length in the *Conover* case, where, among other things, the court says: " Assuming that the two Courts have jurisdiction to the same extent, and can administer justice

and with equal facility and benefit, the rule that the Court first having cognizance of the subject shall retain it, and draw the litigation wholly to itself, seems to be properly applicable. It is perfectly free from odium, is consistent with the fullest comity, and the most delicate respect for the other tribunal. If there be no reason in the constitution of the Courts why one is more competent, under all circumstances, existing or likely to arise, to assume the whole of this controversy and conduct it to an issue, than the other, priority in acquiring possession of the case may with propriety be allowed to determine in which it shall proceed."

All of the plaintiffs in the Monroe county action are parties defendant in the Erie county action. Plaintiffs assert that the Monroe county action is maintainable in spite of the foregoing rule as to priority of jurisdiction because Albert Ottinger, Attorney-General of the State of New York, is not a party to the Erie county action. This position is not tenable. The Attorney-General represents the State in actions brought under the Martin Act. However, if the Attorney-General individually is a necessary party in the Erie county action to enable the plaintiffs here to procure the redress to which they claim they are entitled, application may be made in Erie county to bring in the Attorney-General as a party, and such a motion, if it should be found that he is a necessary party, would there be granted. (*Westerfield* v. *Rogers*, 63 App. Div. 18.) The Monroe county action is brought to restrain the Attorney-General from alleging and proving certain matters in the Erie county action on the theory that the plaintiffs will be denied the relief which they seek in this action if the Attorney-General is permitted to allege and prove or offer proof of the allegations in question in the Erie county action. The burden of the complaint in the Monroe county action is that the Attorney-General has made false allegations in a complaint in the Erie county action. If he has done so, complete relief may be had by the plaintiffs in proper proceedings in the Erie county action and the court will be prompt and firm in the exercise of its powers in that action to protect the parties from oppression, persecution or unjust charges. (*Dunham* v. *Ottinger*, 243 N. Y. 423.) It is not necessary to proceed outside of the Erie county action to procure complete relief.

It is necessary here to allege and show that the plaintiffs have no adequate remedy except by means of the action which they bring. They have an adequate remedy in the Erie county action. The motion in this action for a restraining order must be denied and defendant's motion for a dismissal of the complaint must be granted, with costs, but without prejudice to the plaintiffs to take

Supreme Court, January, 1927.					[Vol. 129

such proceedings as they may be advised in the action now pending in Erie county and with the same force and effect as though the action in Monroe county had not been commenced.

So ordered.