In the Matter of the Estate of LOUIS ROTSTEIN, Deceased.

Surrogate's Court, Kings County, February 4, 1937.

*Francis C. Dale,* for Nat. Wagner, creditor, respondent.

*Smithline & Feldman,* for Beckie Rotstein, as administratrix, petitioner.

WINGATE, S. This is an application by an alleged creditor, whose claim has been rejected by the administratrix, to examine the latter pursuant to the provisions of section 263 of the Surrogate's Court Act and also to examine a statutory distributee of the decedent as an adverse party pursuant to the provisions of section 288 of the Civil Practice Act.

In opposition to this relief, it is alleged and not denied that the claimant after the rejection of his demand by the fiduciary instituted an action thereon in the Supreme Court, which action is still pending and undetermined.

Any rights of the applicant to relief in this or any other court depend upon his demonstration of status as a person interested in the estate; he must establish that he is the holder of a valid claim; in other words, that he is a creditor.

Under the provisions of section 211 of the Surrogate's Court Act, this demonstration may be made in either of two ways at his election. He may, within three months from the date of rejection of his claim, institute an action thereon in a court of general jurisdiction, or he may, by failure to adopt such course, assert his election to have the validity of his claim and his consequent status as creditor, determined by the surrogate upon the judicial settlement of the accounts of the fiduciary.

Whichever alternative be adopted inevitably excludes the pursuance of the other, although the reasons therefor differ.

The rejection of the claim by the fiduciary starts the running of a short statute of limitation against the forum of establishment of the status, with the result that if timely action in the institution of the suit in a court of general jurisdiction be not taken by the claimant, the otherwise universal authority of a court of general jurisdiction is divested by direct statutory fiat, and after the expiration of the three months' period, the only tribunal which possesses authority to determine the question is the Surrogate's Court in which the affairs of the particular estate are pending.

The principles which preclude cognizance by the Surrogate's Court where the other alternative of an action in a court of general jurisdiction has been adopted by the claimant, are fundamental and patent. Immediately after the rejection of the claim, the alleged creditor is presented with the alternative of attempting to establish his status in alternative tribunals which, in this regard, possess co-ordinate jurisdiction, namely, an appropriate court of general jurisdiction or the court of the surrogate. His selection of the former by means of the institution of an action therein, ousts the potential jurisdiction of the surrogate in consequence of the operation of the primary principle that where the jurisdiction of one of two co-ordinate and available tribunals has been invoked the other may not thereafter act in the premises. (*Schuehle* v. *Reiman*, 86 N. Y. 270, 273; *Flatauer* v. *Loser*, 211 id. 15, 20; *Colson* v. *Pelgram*, 259 id. 370, 375; *Matter of Farrell*, 125 App. Div. 702, 704; *Producers Royalty Co.* v. *Ottinger*, 129 Misc. 694, 696; *Matter of Preisendorfer*, 118 id. 524; *Matter of Hearn*, 158 id. 370, 379.)

It may, of course, be, as intimated in *Matter of Griffith* (127 Misc. 376, 379), that if the action in the court of general jurisdiction were abandoned by the creditor, the jurisdiction of the surrogate would revive. Such, however, is not the present case, since, as stated, the issue of the status as creditor of the applicant is now pending before the Supreme Court.

Since this issue is accordingly pending in another tribunal, it is not pending here and no action in respect thereto or in aid thereof may here be taken. (*Matter of Nussbaum*, 158 Misc. 380, 382.)

The application is accordingly in all respects denied, with costs, pending a determination in the Supreme Court that the applicant is a person interested as a creditor in this estate or until the jurisdiction of that tribunal has been divested in some appropriate manner.

Enter order on notice in conformity herewith.