In the Matter of the Estate of OSCAR F. DOUGLAS, JR., Deceased.*

Surrogate's Court, New York County, November 26, 1938.

*Roscoe S. Conkling*, for the plaintiff.

*Compton, Dillon & Clark [Frank J. Dillon* and *James M. Snee* of counsel], for the defendant-executor.

DELEHANTY, S. Since April 29, 1933, section 31 of the Personal Property Law provides in part:

" Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking.

---

* See, also, 170 Misc. 155.

" 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime;"

In the action transferred to this court by the Supreme Court plaintiff seeks to recover against deceased's estate on an agreement alleged to have been made by him on September 25, 1937. In her pleadings plaintiff states that the agreement with deceased was to run " for the remainder of his life." The Statute of Frauds is interposed as a defense. The question is whether the pleaded agreement is within the statute.

Notice should be taken first of the contention of plaintiff that there was sufficient performance to take the case out of the statute. Only complete performance suffices in the case of an agreement otherwise barred by the statute. (*Tyler* v. *Windels*, 186 App. Div. 698; affd., 227 N. Y. 589.) The court in the cited case said: " Nothing short of full performance by both parties will take the contract out of the operation of the statute."

The major question is presented by the contention of plaintiff that the contract was performable *within* a lifetime because *instantaneously* upon death nothing further remained for plaintiff to do. So she argues that since death and the termination of the contract coincided the statute is not applicable. The text of the statute expressly negatives this argument. The statute bars an oral contract " which is not to be completed *before* the end of a lifetime." The evils at which the statute was aimed would continue if the plaintiff's interpretation were held to be admissible. There still would be possible the type of litigation which is based upon alleged oral promises of persons no longer able to make denial. There still would be the opportunity for exactions from deceaseds' estates because the representatives of the estates were unable to meet the allegations of claimants or felt compelled in a spirit of caution to make settlements of " strike " claims rather than risk heavier loss on unjustifiable claims which might deceive a court or jury. The statute accomplishes nothing unless it excludes contracts which terminate contemporaneously with the death of one of the parties. The text of the statute shows that to be valid the contract " must be completed *before* the end of a lifetime." Obviously a contract terminating at the instant of death is not completed *before* death. The contract as pleaded is within the bar of the statute and the motion for judgment on the pleadings should be and is granted.

No leave to plead over will be granted to plaintiff. The same question was passed on by prior decision of the court. The circumstances shown in the history of this litigation require the court

to hold plaintiff to the recitals of the complaint which she deliberately made. The court should not permit a change of position now to be asserted since the change is sought only after a realization of a vital defect in the legal position thus deliberately asserted and is sought only for the purpose of attempting to avoid the consequences of that deliberate statement of a legal position.

Submit, on notice, order accordingly.