A. S. BARNES & COMPANY, INC., Plaintiff, *v.* REMINGTON OPTICAL CORP. et al., Defendants.

Supreme Court, Special Term, Kings County, October 31, 1950.

*Rein, Mound & Cotton* for plaintiff.

*J. Roger Carroll* for Trinity Operating Co., Inc., and another, defendants.

BELDOCK, J. Two motions by plaintiff: (1) to strike out the affirmative defense set forth in the joint answer, under rule 103 of the Rules of Civil Practice and under section 210 of the Civil Practice Act; (2) to vacate a notice for examination of plaintiff.

(1) Plaintiff, a tenant in a loft building owned by defendant Trinity Church and managed by defendant Trinity Operating Company, Inc., sues in negligence and in nuisance to recover damages alleged to have been sustained when a fire broke out in another loft of the premises occupied by a third defendant, which fire activated a sprinkler system causing water damage to plaintiff's property. The separate defense interposed in the joint answer by defendant Trinity, here under attack, alleges in substance that plaintiff was insured for the fire loss, that it has been paid by the insurance company, and that the latter, as subrogee, and not plaintiff is the proper party in interest to sue.

Plaintiff admits the insurance coverage but denies having received *payment* for the loss, alleging that there was an advance made to plaintiff by the insurer and that the loan agreement recites that it is " only as a loan to be repaid out of any net recovery made by plaintiff ". Our courts have heretofore interpreted the effect of these so-called " loan agreements " and have uniformly sustained the right of the insured to prosecute an action in its own name under such circumstances (*Balish* v. *Advance Fuel Oil Corp.*, 266 App. Div. 683). Any question on

this subject has been removed by the enactment of section 210 of the Civil Practice Act (as amd. by L. 1950, ch. 529, eff. Sept. 1, 1950) which has given express legislative sanction to the commencement of an action by the insured, who has executed to his insurer a loan or a subrogation receipt or a similar instrument, such as plaintiff here asserts having executed. Accordingly, the separate affirmative defense aforesaid must be dismissed.

Defendants request that disposition of this phase of plaintiff's motion be deferred until they have had an opportunity to examine plaintiff with respect to the true nature of the advance. In view of the statute aforementioned, this contention is untenable.

Motion to strike out the first separate affirmative defense is granted.

(2) Item 2 of the notice of examination seeks to examine plaintiff as to " the facts and circumstances surrounding the fact that plaintiff is not a proper party herein ". In view of the dismissal of the separate defense, the motion to vacate this item is granted.

In item 1, defendant seeks to examine plaintiff " as to the relevant facts and circumstances surrounding the occurrence " of the fire resulting in the alleged damage to plaintiff's property.

This action is founded in negligence and in nuisance. The holding of the court in *Dorros, Inc.* v. *Dorros Bros.* (274 App. Div. 11) is not applicable. While the tendency of our courts has been to permit examinations before trial even where the burden of proof is not upon the party seeking the examination, this has not been extended beyond commercial litigation. In tort cases the rule of limiting examinations to matters upon which the applicant has the affirmative, except in special circumstances, has been adhered to by the Appellate Division of our department (*McDougall* v. *News Syndicate Co.,* 275 App. Div. 1052). There are no special circumstances here present which would warrant granting an examination to the defendant as to the happening of the fire upon which plaintiff has the burden and must sustain its cause of action in order to recover. Furthermore the information here sought by the defendant can readily be procured by a bill of particulars.

Motion to vacate the notice of examination as to item 1 is, likewise, granted.

Settle orders.