WILLIAM G. PIKE, Plaintiff, *v.* BALMAR CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff. NORWOOD STEEL AND IRON WORKS, INC., Third-Party Defendant.

Supreme Court, Special Term, Kings County, July 20, 1951.

*Frederick M. Garfield* for defendant and third-party plaintiff.

*Bernard Katzen* for third-party defendant.

BARTELS, J.   Motion pursuant to rules 103 and 109 of the Rules of Civil Practice to strike the separate defense contained in the answer of the third-party defendant.   In this case the plaintiff commenced an action against the general contractor to recover damages for his injuries as a result of the defendant's alleged negligence.   The subcontractor was joined as a third-party defendant on the basis of common-law indemnity.   The third-party defendant now alleges that the third-party plaintiff carried public liability insurance; that the insurance carrier undertook the defense of and settled the plaintiff's action against the third-party plaintiff for $40,000; that the insurance carrier advanced that sum to the third-party plaintiff under an agreement providing that the third-party plaintiff would reimburse the insurance carrier for any sums the third-party plaintiff might recover against the third-party defendant; that the third-party plaintiff has not been damaged so as to entitle it to indemnification, and that accordingly the third-party plaintiff is no longer a proper party plaintiff inasmuch as it is not the real party in interest.

The determination of the motion depends upon the interpretation of section 210 of the Civil Practice Act which provides: "ACTION TO BE BROUGHT IN NAME OF REAL PARTY IN INTEREST. Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, *an insured person, corporation, joint-stock association or other unincorporated association which has executed to his insurer either a loan or subrogation receipt, trust agreement, or other similar instrument,* a person with whom or in whose name a contract is made for the benefit of another, or

a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted." (Italicized words added by amendment, L. 1950, ch. 529, eff. Sept. 1, 1950.) Even before the amendment this department recognized the validity of loan receipts and trust agreements and sustained the right of the insured to continue his action after the execution of such instruments (*Balish* v. *Advance Fuel Oil Corp.*, 266 App. Div. 683). It has been said that " Any question on this subject has been removed by the enactment of section 210 of the Civil Practice Act (as amd. by L. 1950, ch. 529, eff. Sept. 1, 1950) which has given express legislative sanction to the commencement of an action by the insured, who has executed to his insurer a loan or a subrogation receipt or a similar instrument, such as plaintiff here asserts having executed " (*Barnes & Co.* v. *Remington Optical Corp.*, 198 Misc. 746, 747–748).

Defendant contends — and rather ingeniously — that section 210 is not applicable to the case at bar because the Legislature when it amended the section had in mind only such agreements with insurance carriers covering loss or damage to personal property of the insured, i.e., a fire insurance policy, an automobile collision policy or a marine loss policy. For this contention it cites the Fifteenth Annual Report and Studies of the Judicial Council (p. 58 *et seq.*). The amendment to section 210 was recommended by the council and the report does indicate that the practice, in the decade or two prior to the amendment, of insurance carriers in cases where the insured had suffered a property loss to resort to the loan receipt or trust agreement, had prompted the study and the recommendation. Moreover, there is a distinction between the case of a person covered by property insurance where the insured has sustained a loss to his property and the case of a person covered by liability insurance where only a claim is made against the insured. In one case a loss has been sustained before the execution of the agreement with the carrier and in the other case a loss has not been sustained but only threatened in the suit. However, once the insured is paid by the carrier he is no longer the real party in interest in either case. In the case of property insurance, a loss has been definitely established, for which the insured may or may not recover against his defendant, whereas in the case of liability insurance the loss may or may not occur; and if it does occur, the insured may or may not recover over. The latter case is one step removed from the former case, because the

additional contingency of loss has been added; but such metaphysical distinction does not destroy the principle underlying both cases with respect to the prosecution of the action, i.e., nondisclosure that the insurance carrier has paid the insured or settled the case. As said in *Balish* v. *Advance Fuel Oil Corp.* (*supra*, p. 684): " in determining this question, it is immaterial whether the insurer's liability is conditional or absolute."

In recommending the amendment the report of the Judicial Council did not exclude an insured covered by liability insurance who has executed a trust agreement. The intent of the amendment appears from the last sentence of the report on this question, in which it is said (p. 60): " To remedy the present inequitable situation the Judicial Council recommends the amendment to section 210 of the Civil Practice Act set forth above, which is intended to prevent the disclosure of the fact of plaintiff's insurance to the jury, thereby securing to a plaintiff the same measure of protection which is presently so carefully preserved to the party defending the action." Even without this, the words of the statute are clear and unmistakable and permit an insured person in the position of the third-party plaintiff in this case to sue without joining with him the person for whose benefit the action is prosecuted. Any other construction would violate the language of the statute, emasculate third-party practice and discourage settlements of original actions when third parties are joined by parties covered by liability insurance.

Under the express language of the section, the general intent of the amendment and the policy thereof, the third-party plaintiff in this case even though it has executed a trust agreement with its insurance carrier may continue its suit against the third-party defendant without joining the carrier. Motion granted. Settle order on notice.