James D. Hurley, S.
On this intermediate accounting, several claims against the estate, rejected by the executrix, were presented for. determination.
The claim of James Lauster is disallowed, he having failed to appear or present proof thereof.
Claimant Thomas Murray presented a claim for labor and services rendered to Angelina Salerno, testatrix, for 63 months at the agreed price of $20 per month. It is claimed that the services commenced November 25, 1949 and continued to the date of death of the testatrix on March 15, 1956. The notice of claim states that the claim is based on a contract between Thomas Murray and the testatrix whereby the testatrix promised to pay the claimant $20 per month. In proof of such claim, testimony was offered which tended to show that on or about the 25th day of November, 1949 the claimant appeared at the home of the testatrix and then and there made an oral agreement whereby he was to remain with the testatrix during the remainder of her life for which she would *977 pay him $20 per month, payment to be made at her death or after her death. There is further testimony indicating that the claimant did remain on the farm home of the testatrix during this period of time and while there did the chores and some other work on the farm.
At the end of the proof, a motion was made to dismiss the claim on the ground that the contract was void because it was a contract which could not be performed within the lifetime of the testatrix and therefore was void unless in writing.
Section 31 of the Personal Property Law provides as follows:
“Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;
“ 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime
Since this agreement was admittedly an oral agreement, it comes squarely within the provisions of this section of the Personal Property Law and since it is not in writing, it is void. The claim of Thomas Murray must be disallowed for this reason. (Matter of Lettner, 112 N. Y. S. 2d 540; Matter of Davis, 54 N. Y. S. 2d 840; Matter of Ditson, 177 Misc. 648; Meltzer v. Koenigsberg, 302 N. Y. 523.)
The fact that the claimant, in reliance upon the alleged agreement may have performed all the duties on his part to be performed, does not remove the claim from the bar of the statute. (Matter of Douglas, 169 Misc. 716.)
There is ample proof in the record to sustain the claims of Robert Lutz, Sr., and George Lutz.
The claim of Robert Lutz, Sr., as to all items for services rendered or materials furnished within a period of six years prior to the death of decedent and allowing such amounts for counterclaims or adjustments as appeared in the proof or as agreed upon by stipulation is allowed in the sum of $336.47.
The claim of George Lutz, after allowing such credit for payment as appeared by the proof or as stipulated between the parties is allowed in the sum of $100.
This matter is set down for December 17, 1957 at which time the order will be settled and such further proceedings taken herein as may be required.