In the Matter of the Estate of IRA S. ALBIN, Deceased.

Surrogate's Court, Suffolk County, August 6, 1962.

*Michael J. Ryan* for petitioner.  *Warren L. Hamburger* for objectant.

PIERSON R. HILDRETH, S. This is a motion by the administrator in an accounting proceeding to dismiss the objections to the account filed by a claimant. The motion is made pursuant to

rule 107 of the Rules of Civil Practice on two grounds; the first being that the Surrogate's Court does not have jurisdiction of the claims on which the objections are based, and the second is that one claim is based on an oral agreement alleged to be void under the Statute of Frauds. (Personal Property Law, § 31, subds. 1, 7.)

Decedent died intestate on October 31, 1959, leaving two sons, who are his sole distributees. One son is the administrator and petitioner in this accounting proceeding. The other son is the husband of the claimant. Decedent's entire estate consists of personal property amounting to $11,005.92, and real property valued in the estate tax proceeding at $10,500. Claimant filed a claim with the administrator which was rejected for $48,245, being $47,450 for services and $795 for reimbursement of an advance for funeral expenses.

Objection "1" relates to the claim for service alleged to arise out of an oral agreement with decedent, the objection setting forth the claim as follows: "I object to Schedule 'D' on the ground that I performed certain work, labor and services for the decedent at his special instance and request as a housekeeper in the home of said IRA SMITH ALBIN, my father-in-law, and gave up my home where I was then living with my husband and son to move with them into decedent's home, in consideration of his promise and agreement to make suitable provision for me in his Last Will and Testament sufficient to reasonably compensate me for the services performed by me and to compensate me for the reasonable value of the services rendered. That in fact decedent failed to and did not make said provision for me, having died on the 31st day of October, 1959, intestate, leaving no Last Will and Testament. That on or about the 26th day of January, 1960, I presented a verified claim in writing for the reasonable value of the services performed by me to the Administrator and Accountant herein in the sum of $47,450.00, which was rejected by him and to which rejection I most strenuously object. That no part of the above sum has been paid to me."

Objection 2 relates to the claim for reimbursement for funeral expenses. Objection 3 has been withdrawn.

The basis for petitioner's contention that the objections and claims should be dismissed on the ground that the Surrogate's Court lacks jurisdiction of the claims in this accounting proceeding, is that within three months of the rejection claimant instituted an action upon the claims in the Supreme Court; that the complaint in such action was subsequently dismissed by order of that court dated April 18, 1962, for plaintiff's unreason-

able failure to prosecute such action; that claimant therefore elected to litigate the claims in the Supreme Court, and consequently the claims could not thereafter be determined in the Surrogate's Court even though the Supreme Court action is no longer pending.

Insofar as the motion to dismiss the objections is based on the contention that the Surrogate's Court does not have jurisdiction to determine the claims, the motion is denied. The judgment dismissing the complaint for failure of diligent prosecution is not a disposition of the claims on the merits. (*Gundershein* v. *Bradley-Mahoney Coal Corp.*, 295 N. Y. 539.) Upon the filing of the claim with the administrator the Surrogate's Court had full jurisdiction to determine it subject to the absolute right of the claimant to bring an action in any other appropriate court within three months from date of rejection. (Surrogate's Ct. Act, § 211.) If a claimant elects to bring such action and does so, then as long as such an action is pending in the other forum the Surrogate's Court will not act. This is under the principle that where one of two co-ordinate and available forums has taken jurisdiction the other will not act. (*Matter of Rotstein*, 162 Misc. 37; *Matter of Nussbaum*, 158 Misc. 380.) But if the action started in the other forum terminates without any determination having been made on the merits, it is the opinion of this court that the full jurisdiction of the Surrogate to determine the claim is restored. This question was presented in *Matter of Griffith* (127 Misc. 376, 379) where a claimant brought an action in the Supreme Court following rejection of a claim by the estate representative which action was thereafter discontinued by stipulation. Subsequently, on the accounting the executor contended that claimant had lost his rights for an adjudication in the Surrogate's Court because he had elected his remedy by commencing action in the Supreme Court. The Surrogate stated: "The claim not having been adjudicated on its merits, I think legally entitled the claimant to present his proof in the Surrogate's Court." That the Surrogate has authority to determine the question when the matter is no longer pending in another court was likewise indicated by Mr. Surrogate WINGATE in *Matter of Rotstein* (*supra*, p. 39) wherein he stated: "It may, of course, be, as intimated in *Matter of Griffith* (127 Misc. 376, 379), that if the action in the court of general jurisdiction were abandoned by the creditor, the jurisdiction of the surrogate would revive."

A consideration of the practical aspects of a situation such as this also supports the conclusion reached. Certainly it is the obligation of the estate representative to obtain a final deter-

mination as to the validity of known claims so that both the representative and the parties entitled to share in the estate may have a disposition of assets without the danger of any being liable to a creditor having a valid claim. Thus, where the fiduciary upon an accounting knows of the existence of a possible claim, and knows that it has not been disposed of on the merits, and knows that there is no action on the claim pending in any other forum, it would seem that full jurisdiction exists in the Surrogate's Court to dispose of it in the accounting so that all questions necessary for a proper settlement of the estate are determined (Surrogate's Ct. Act, § 40).

Insofar as the motion to dismiss is based on the contention that the claim for services is void under the Statute of Frauds, the court holds that such defense is valid and the motion to dismiss objection 1 on such ground is granted. Section 31 of the Personal Property Law provides:

" § 31. Agreements required to be in writing. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;

" 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime;

\* \* \*

"7. Is a contract to bequeath property or make a testamentary provision of any kind ".

The agreement alleged to have been made with decedent in this case and upon which claimant bases her claim is expressly stated in paragraph " 1 " of her objections. This is supplemented by her verified bill of particulars filed in the Supreme Court action, a copy of which was submitted as part of the motion papers in support of the motion to dismiss. The objections show clearly that this claim is based on an oral agreement and without any note or memorandum thereof in writing. Claimant is the wife of one of decedent's sons. She alleges she, with her husband and family, went to live with decedent at his request in consideration of decedent's promise to make provision by his will to compensate her for her services as housekeeper. If any payments were to be made to her for the alleged services, they were not to be made until after decedent's death. As such the agreement is void under subdivision 1 of section 31 of the Personal Property Law which declares void an oral contract not to be completed before the end of a lifetime. (*Matter of Douglas,* 169 Misc. 716, affd. *Smith* v. *Irving Trust*

*Co.*, 256 App. Div. 1070; *Meltzer v. Koenigsberg*, 302 N. Y. 523; *Matter of Salerno*, 8 Misc 2d 976.) Insofar as the alleged agreement might be regarded as one to make a testamentary bequest to claimant by will, it is likewise void because not in writing under subdivision 7 of section 31 of the Personal Property Law. (*Matter of Ditson*, 177 Misc. 648, in which case Mr. Surrogate FOLEY reviews the history of the statute and indicates further that only full performance by both parties will remove such agreements from the effects of the statute. Other decisions to the same effect are: *Matter of Quigley*, 179 Misc. 210; *Matter of Davis*, 54 N. Y. S. 2d 840; *Matter of Kenny v. Brieger*, 196 Misc. 85; *Matter of Lettner*, 112 N. Y. S. 2d 540.) The purpose of section 31 of the Personal Property Law was to require all agreements such as this to be in writing and to outlaw as being against public policy claims based on alleged oral agreements of this type. (*Rubin v. Irving Trust Co.*, 305 N. Y. 288; *Bayreuther v. Reinisch*, 264 App. Div. 138.) The relationship of the parties and the fact that the services were rendered without any expectation of compensation during decedent's lifetime negatives any basis for recovery on any theory of implied contract. (*Matter of Adams*, 1 A D 2d 259; *Matter of Lettner*, 112 N. Y. S. 2d 540, *supra*; *Matter of Quigley*, 179 Misc. 210, *supra*.)

As to objection numbered "2" the motion to dismiss is denied. Claimant should have the opportunity to prove her claim for reimbursement for funeral expenses and the court will fix a date for a hearing for that purpose if the parties are unable to determine the claim between themselves.

The court notes that both the affidavit in support of the motion submitted by petitioner's attorney and the affidavit in opposition submitted by claimant's attorney, are replete with legal arguments and citations. Such matters should be placed in the briefs so that the content of affidavits consist of facts pertinent to the issues at hand. (*Taylor v. African M. E. Church*, 265 App. Div. 858.)