■ PHOENIX ASSURANCE COMPANY et al., Respondents, v. STARK MOBILE HOMES, INC., et al., Appellants.— Order, Supreme Court, New York County entered on September 8, 1971, vacating a stipulation of discontinuance and restoring the action to the trial calendar affirmed. Respondent shall recover of appellants $30 costs and disbursements of these appeals. Plaintiffs as subrogee instituted this action to recover the loss as a result of fire to the mobile home of its insured. On April 27, 1971 when the case appeared for trial, plaintiffs telephoned its key witness, the expert who was to testify as to the facts involved. The expert, Mr. Fisk, advised counsel that he had not inspected the home and did not recall if any inspection had been made. The

statement was made despite the fact that plaintiffs' counsel had a report of the expert dated March 18, 1968. This report was shown by counsel to his adversaries and the case was discontinued immediately. On April 30, 1971, plaintiffs' counsel sent a telegram to the Trial Justice apologizing for the inconvenience and attaching a stipulation of discontinuance signed only by counsel for the plaintiffs. The conversation between plaintiffs' counsel and Mr. Fisk occurred while Mr. Fisk was outside of his office and did not have the benefit of his file. Subsequently it developed upon examination of the file that an examination had in fact been made by a Mr. Robert C. Mason, a member of the company of which Mr. Fisk was president. The report of March 18, 1968 was based upon the result of such inspection. Both Fisk and Mason submitted affidavits setting forth in detail what transpired. Upon such papers and supporting affidavits plaintiffs successfully moved to vacate the stipulation of discontinuance and to restore the case to the trial calendar. Appellants urge an abuse of the court's discretion and that the stipulation could only have been vacated by a plenary suit and not by motion. The stipulation of discontinuance contained only the signature of plaintiffs' counsel. This could raise a question as to its validity (CPLR 3217, subd. [a], par. 2). But even if valid it is at most a discontinuance without prejudice (CPLR 3217, subd. [a], par. 2; subd. [c]). It is not such a contract of settlement as existed in the *Yonkers Fur Dressing* case (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435), which could only be set aside by a plenary action. The stipulation rested upon an assumption which later, through no fault of plaintiffs, proved to be erroneous, and should not be considered a discharge of the action (see *Horodeckyi* v. *Horodniak*, 9 A D 2d 732). In this case, as in the cited case, "It would be bootless, in the exercise of discretion, to remit the parties to a plenary action" under the circumstances here shown to exist. Moreover, despite the mistake, the parties can be placed *in statu quo* (*cf. Campbell* v. *Bussing*, 274 App. Div. 893). The court did not abuse its discretionary power, particularly since the affirmations in opposition to plaintiffs' motion essentially urged only a need for finality, and a charge of lack of proper preparation. Nothing shown negates mistake as claimed. Concur — Stevens, P. J., McGivern, Nunez and Kupferman, JJ.; Murphy, J., dissents in the following memorandum: Respondents' counsel discontinued the action in open court on the day the trial was scheduled to commence, after his own expert witness advised him that he would be unable to provide certain critical testimony. Three days later a "memorandum" and a stipulation of discontinuance were sent to the trial court, and it is immaterial that this stipulation appears to have been signed only by the attorney for the plaintiff since the parties had already effectively discontinued the action in open court with the consent of the court. Under the circumstances here disclosed the discontinuance should not have been summarily vacated. (*Milpac Dyeing Co.* v. *B. & B. Sweater Mills*, 28 Misc 2d 548; *Cousins Knitwear Co.* v. *B. & B. Sweater Mills*, 208 N. Y. S. 2d 108.) The situation before us does not involve an unperformable stipulation based on an untrue mutual assumption (*Horodeckyi* v. *Horodniak*, 9 A D 2d 732) or a stipulation unauthorized by the parties (*Fasano* v. *City of New York*, 22 A D 2d 799). Respondents' sole available remedy, therefore, should be by plenary suit, where appellants will be afforded the opportunity of refuting respondents' allegations as to what transpired in their several conferences with their expert and not by summary motion on affidavits. (*Gardner* v. *Board of Educ.*, 28 A D 2d 616.) Accordingly, the order appealed from should be reversed and the motion denied, without prejudice, however, to respondents' right to bring a plenary suit for the same relief.