Marshall E. Livingston, J.
This is a motion to dismiss, made pursuant to CPLR 3211 (subd. [a], par. 10), on the ground that the plaintiffs’ fire insurance carrier is a real party in interest herein because it is subrogated to certain of plaintiffs’ rights, and, it not having been joined, the “ court should not proceed ’ ’ in its absence.
Following destruction of plaintiffs’ house by fire on August 23, 1970, plaintiffs executed a “ loan receipt ” in favor of Utica Mutual Insurance Company (Utica) in consideration of the receipt of $43,500 under their homeowners’ insurance policy. In addition to the insured loss, the plaintiffs also sustained $6,120 in damage in the same fire, which was uninsured.
*389 The action is brought in the names of the Feeters for Utica’s subrogated claim of $43,500, plus their uninsured loss of $6,120, against the defendants for their alleged negligence.
The motion must be denied. CPLR 1004 provides: Except where otherwise prescribed by order of1 the court, an executor, administrator, guardian of the property of an infant, committee of the property of a judicially declared incompetent, trustee of an express trust, insured person who has executed to his insurer either a loan or subrogation receipt, trust agreement, or other similar agreement, or person with whom or in whose name a contract has been made for the benefit of another, may sue or be sued without joining with him the person for or against whose interest the action is brought.” (Emphasis supplied.)
The history of the emphasized portion of CPLR 1004 is relevant to the substantive rule of “ real party in interest ” in the context of this motion.
On September 1,1950 an amendment to section 210 of the Civil Practice Act was effective, adding a new class to the list of exceptions therein contained which did not have to abide by the “ real party in interest” rule. The amended section in substance specifically provided that an insured person who has executed to his insurer either a loan or subrogation receipt might sue without joining with him the person for whose benefit the action was brought (L. 1950, ch. 529).
Prior to that time, as Dean McLaughlin reported in his 1965 commentary on CPLR 1004 (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 1004 [1972 Supp., p. 67]): “ The predecessor of this section, Civil Practice Act, § 210, was a ‘ real party in interest ’ statute. It stated that the real party in interest must bring the action with certain ‘ exceptions ’. The present statute enlarges the number of £ exceptions ’, further providing that these persons may be made defendants, as well as plaintiffs.”
Skinner v. Klein (24 A D 2d 433, 434) is authority for the proposition: £ 1 Where the insurer pays to the insured only a portion of the latter’s claim for a loss occasioned by the wrongdoing of another, the insured remains the real party in interest entitled to prosecute in his name an action against the wrongdoer.” In the case at bar it should be noted that plaintiffs’ uninsured claim represents about 12% of the total loss. Plaintiffs’ interest in the lawsuit is significant and substantial. Rockaway Blvd. Wrecking & Lbr. Co. v. Raylite Elec. Corp. (25 A D 2d 842) and Montana Power Co. v. Janson (29 A D 2d 641) are to the same effect as Skinner v. Klein (supra).
*390 The question of whether the loan receipt is a legal fiction and a sham and that in fact there has been a true subrogation of the insurer to insureds’ rights against the defendants has been answered in my opinion by the express sanction of CPLR 1004. Indeed in New York Jurisprudence (vol. 31, Insurance, § 1622) it is well stated that: ‘ ‘ The question whether or not a particular transaction is in law payment or loan is of much less importance at present than it was before 1950, in view of the amendment to the Civil Practice Act providing that an insured who has executed to his insurer a loan or subrogation receipt or similar instrument may sue without joining the insurer with him, a provision which has been preserved in the Civil Practice Law and Rules, but such determination may still be relevant for other purposes.”
In Barnes & Co. v. Remington Opt. Corp. (198 Misc. 746, affd. 278 App. Div. 943) a tenant sued its landlord for water damage resulting from a fire. The landlord interposed an affirmative defense that the tenant had been paid by its fire company and was not the real party in interest. The tenant said it had not been paid, but had received a loan under a receipt. The late Mr. Justice Belbook, in an opinion dated October 31, 1950, two months after .section 210 of the Civil Practice Act was amended specifically covering loan receipts as above noted, held (pp, 747-748): “Any question on this subject has been removed by the enactment of section 210 of the Civil Practice Act (as amd. by L. 1950, ch. 529, eff. Sept. 1, 1950) which has given express legislative sanction to the commencement of an action by the insured, who has executed to his insurer a loan or a subrogation receipt or a similar instrument, such as plaintiff here asserts having executed.” (See, also, Ann. 13 ALR 3d, Insurance— Loan Receipts, pp. 42, 128, § 21.)
Only one other matter needs attention. The court notes that both the answering affidavit of the plaintiffs’ attorney and the reply affidavit of Van Scott Bros., Inc., contain legal arguments and citations. This practice has long been disapproved. Such matters should be placed in briefs or memorandums of law so that the contents of affidavits consist of facts pertinent to the issues at hand (Taylor v. African M. E. Church, 265 App. Div. 858; Matter of Albin, 35 Misc 2d 322; People v. Buckman, 70 Misc 2d 220). (See, also, Tripp, A Guide to Motion Practice [1949 rev. ed.], p. 15; 4 Weinstein-Eorn-Miller, N. Y. Civ. Prac., par. 3212:05; 1 Leichter, Civil Motion Practice, § 17.01.)
It should also be noted that the cases cited in defendant Van •Scott Bros.’ reply affidavit “ brief” were decided prior to the *391 amendment of section 210 of the Civil Practice Act and the enactment of CPLB 1004. Lord & Taylor v. Yale & Towne Mfg. Co. (230 N. Y. 132) was a 1920 case, and Henderson v. Park Cent. Motors (225 App. Div. 788) was a 1929 case. Neither case is applicable to this motion.