A. Franklin Mahoney, J.
Plaintiff moves for an order removing this ease from the deferred calendar to the general ready calendar of Sullivan County.
' Defendants, Hudson Transit Lines, Inc. and WurtsboroHudson Corp., oppose the motion and cross-move for an order striking out and vacating a stipulation of discontinuance running to the benefit of the Village of Wurtsboro, dated August 21, 1973, and also for an order authorizing the moving defendants to serve an amended answer setting forth as an affirmative defense a general release given by the plaintiff to the Village of Wurtsboro and also to interpose a cross complaint against the codefendant, Village of Wurtsboro.
CPLB 3217 provides, in substance, that any party may discontinue without an order by filing with the clerk of the court a stipulation in writing signed by the attorneys of record for all parties. The subject stipulation of discontinuance was not signed by defendants, Hudson Transit Lines, Inc. and Wurtsboro-Hudson Corp., nor by counsel on their behalf. To be effective, a stipulation of discontinuance must be signed by the attorneys “ for all parties ”, which ¡should include those against whom the discontinuance is sought as well as those against whom the suit is to be continued. Otherwise, a discontinuance against one defendant can adversely affect another defendant. If one of the parties, who must join to make the stipulation effective, refuses, then the one who seeks the discontinuance must obtain a court order. That was not done in this case. It has been held, in this Department, that a plenary action is required to vacate a stipulation of discontinuance (Gardner v. Board of Education, 28 A D 2d 616). However, in the Gardner case the one who sought to vacate the stipulation was a party to it. In those instances, as herein, where the application to vacate is made by one who is not a party to the stipulation, the application to vacate should be entertained by motion captioned in the discontinued action (CPLB 3217; McKinney’s Cons. Laws of N. Y., Book 7B, Practice Commentaries, 3217:10, p. 1012). The stipulation is vacated.
Next, chapter 830 of the Laws of 1972 added section 15-108 to the General Obligations Law. This new section provides that when a release is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tort *627 feasors from liability for the injury or wrongful death unless its terms expressly so provide. The purpose of this new section of the General Obligations Law was to remove the uncertainty concerning the rule that a general release given to one joint tort-feasor discharges all others. The subject general release does not provide for the discharge from liability of any tortfeasors other than the Village of Wurtsboro. In the absence of the necessary recitations, the general release is ineffective as to the moving defendants. Section 15-108 of the General Obligations Law also recites that a general release of one tort-feasor reduces the claim of the releasor against the other tort-feasors to the extent of any amount stipulated by the release, or in the amount of the consideration paid for it, whichever is greater. This new section obviates the necessity of the Trial Justice including within his charge the fact of the release, the consideration given and the instruction that the jury must deduct that amount from their gross verdict against the remaining tort-feasors. Presently, the court omits the fact of the release from its charge and makes the deduction from the verdict itself. Consequently, it is unnecessary for the moving defendants to serve an amended answer setting forth a defense of a general release. However, the court sees no impediment to the right of the moving defendants to cross-claim against their co-defendant, the Village of Wurtsboro. Further, the court sees no need to delay the trial of this action in order to permit the moving defendants to serve their cross complaint.
Plaintiffs’ motion to remove the above-entitled action from the deferred calendar to the ready calendar of Supreme Court, County of Sullivan, is granted.
The cross motions of Hudson Transit Lines, Inc. and Wurtsboro-Hudson Corp. to strike the stipulation of discontinuance, dated August 21, 1973, and to serve a cross complaint are granted. The companion motion to serve an amended answer setting forth a defense of a general release is denied.