■ In the Matter of the Estate of WILLIAM P. HORTON, Deceased.—Order unanimously affirmed, with costs to claimant payable out of the estate. Memorandum: In June, 1970 claimant-respondent filed its claim with appellant, about four months after letters testamentary were issued to her as executrix of the will of William P. Horton, deceased. No rejection or admission of the claim having been made by the executrix (see SCPA 1806), in August, 1974 claimant commenced an action against her in the Supreme Court to collect it (see SCPA 1810). The executrix appeared in the action. Claimant's counsel then learned that in June, 1970 claimant had filed a claim against executrix for this same indebtedness, and they decided that the proper course was to discontinue the Supreme Court action and petition the Surrogate for judicial settlement of the accounts of the executrix of the estate. Accordingly, in November, 1974 claimant filed such a petition and had citation issued thereon, and claimant's counsel sent the citation with stipulation of discontinuance of the Supreme Court action to counsel for the executrix, explaining claimant's intent of pursuing the claim in Surrogate's Court. The stipulation contained the words, "discontinued on the merits". In an exchange of letters concerning the stipulation, executrix' counsel did not

reveal to claimant that the executrix considered that the stipulation as drawn would terminate the claim in Surrogate's Court as well, but signed and returned the stipulation to claimant for filing. With respect to the stipulation claimant's counsel advised executrix' attorney that, "It in no way reflects our feeling as to validity of the claim itself, but only our legal conclusion that the claim is not meritorious in Supreme Court. Furthermore, if you wish, we could prepare a new stipulation without a statement that it is 'on the merits'. At any rate, it is our intention to proceed in this matter in Surrogate's Court and appear on January 14, 1975." After the stipulation was filed the executrix rejected the claim, on February 7, 1975. When the citation for compulsory judicial settlement came on before the Surrogate, the executrix moved to dismiss the petition on several grounds, one of which was that the claim had been withdrawn on its merits. The Surrogate entered an order denying the motion to dismiss the petition on this ground, and this appeal is from that order. The correspondence between counsel demonstrates that it was the intent of claimant to discontinue the Supreme Court action only, and to prosecute the claim in Surrogate's Court. Since the stipulation expressly provides that the action is discontinued on its merits, and it is clear that the action was for the same claim as contained in the petition, the executrix' motion should have been granted unless the court can vacate the stipulation or interpret it according to claimant's intent. Where a stipulation does not represent the intent of the parties, the remedy of the aggrieved party is to move in the court wherein it was entered to vacate it (see *Matter of Frutiger,* 29 NY2d 143, 149–150; *Chisholm-Ryder Co. v State of New York,* 19 NY2d 848, 849; *Phoenix Assur. Co. v Stark Mobile Homes,* 39 AD2d 514; 7B McKinney's Cons Laws of NY CPLR 3217, Practice Commentary C3217:10 by David D. Siegel, pp 1012–1013, as supplemented by his 1972 Practice Commentary). In a matter of this nature Surrogate's Court and Supreme Court have concurrent jurisdiction (SCPA 1810; cf. *Noll v Ruprecht,* 256 App Div 926, affd 282 NY 598; *Matter of Rotstein,* 162 Misc 37). Since claimant discontinued prosecution of the claim in the Supreme Court and seeks to litigate it in Surrogate's Court, the latter has jurisdiction (see *Matter of Albin,* 35 Misc 2d 322, 324). Under such circumstances, instead of shunting an issue arising in the Surrogate's Court on the claim (to wit, the issue of the effect of the stipulation) back to the Supreme Court for determination, the Surrogate may properly entertain and decide that question *(Matter of Raymond v Davis,* 248 NY 67, 72; SCPA 209, subd 9). In *Davis (supra,* p 72), Chief Judge Cardozo wrote, "To remit the claimant to another forum after all these advances and retreats, these reconnaissances and skirmishes, would be a postponement of justice equivalent to a denial. If anything is due him, he should get it in the forum whose aid he has invoked." Upon this record, it is clear that the stipulation was not strictly on the merits but only intended to terminate pursuit of the claim in the Supreme Court. Upon the argument appellant's counsel acknowledged that he knew that such was the intent of the claimant's counsel. The stipulation was not executed by the parties but only by their attorneys for procedural purposes. Claimant fully retained its right to litigate its claim in Surrogate's Court. That, in effect, was the Surrogate's determination when he ordered the matter placed on his calendar for trial of the merits of the claim; and we conclude that he properly denied the executrix' motion to dismiss the petition. The question of whether the Surrogate should receive evidence of money advanced after testator's death is for the Surrogate to decide, and, if necessary, his ruling may later be

reviewed. (Appeal from order of Erie County Surrogate's Court in proceeding to compel judicial settlement of accounts.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Witmer, JJ.