In the Matter of LONGWOOD ASSOCIATES, Respondent, v BOARD OF ASSESSORS and/or The Assessor of the Village of Massapequa Park and the Board of Assessment Review, Respondent. MORTON HAVES, as Receiver in Foreclosure for the Federal Deposit Insurance Corp., Appellant.—In a consolidated proceeding to review certain real property tax assessments, Morton Haves, as receiver in foreclosure, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered October 18, 1976, as denied, without prejudice, his motion to vacate and set aside a stipulation entered into between the petitioner and the respondent, dated November 19, 1975, which discontinued, with prejudice, the assessment review proceeding involving the 1975/1976 real property tax assessment review proceeding. Order affirmed insofar as appealed from, with $50 costs and disbursements (see *Matter of Longwood Assoc. v Board of Assessors,* 58 AD2d 581). Martuscello, J. P., Latham and Shapiro, JJ., concur; O'Connor, J. dissents and votes to reverse the order appealed from and to remand the proceeding to Special Term for a trial of the issues raised, pursuant to CPLR 2218, with the following memorandum: I respectfully dissent (see my dissenting memorandum in *Matter of Longwood Assoc. v Board of Assessors,* 58 AD2d 581). [88 Misc 2d 35.]

In the Matter of LONGWOOD ASSOCIATES, Respondent, v BOARD OF ASSESSORS and BOARD OF ASSESSMENT REVIEW OF THE COUNTY OF NASSAU, Respondent. MORTON HAVES, as Receiver in Foreclosure for the Federal Deposit Insurance Corp., Appellant.—In a consolidated proceeding to review certain real property tax assessments, Morton Haves, as receiver in foreclosure, appeals from an order of the Supreme Court, Nassau County, dated October 15, 1976, which denied, without prejudice, his motion to vacate and set aside an oral stipulation of discontinuance entered into between the petitioner and the respondent, as reflected in the judgment of the Supreme Court, Nassau County, dated August 15, 1975, to the extent that the

stipulation and judgment discontinued, without prejudice, the 1974/1975 real property tax assessment review proceeding. Order affirmed, with $50 costs and disbursements. We uphold the order appealed from as a proper exercise of discretion by the Special Term. Furthermore, upon the argument of this appeal it was conceded that as a result of the determination under review, a plenary suit has been commenced and is now pending. Under the circumstances, we find no necessity under the fact pattern here, to decide, as the dissenter would have us do, that "the time has come to accept the fact that [the] *Yonkers Fur Dressing* [case] is outmoded and 'exalts procedure over substance' ". Martuscello, J. P., Latham and Shapiro, JJ., concur; O'Connor, J., dissents and votes to reverse the order appealed from and to remand the proceeding to Special Term for a trial of the issues raised, pursuant to CPLR 2218, with the following memorandum: The receiver in foreclosure herein was appointed by order of the Nassau County Supreme Court on April 17, 1975. As of that date there were proceedings pending by the then owner, the petitioner herein, to review assessments for the 1974/ 1975 tax year, as well as for the 1972/1973 and 1973/1974 tax years. The taxes for 1974/1975 has not been paid. Some four months later, by judgment of the Supreme Court, Nassau County, dated August 15, 1975, which stated that it was based on "a stipulation of settlement in open Court", all of those proceedings (which had been consolidated) were settled. The judgment provided for reductions for the years 1972/1973 and 1973/1974, but none for 1974/1975; as to the latter year, it stated that the proceeding had been "withdrawn with prejudice". The receiver moved, within the context of the consolidated proceeding, to set aside the stipulation and judgment to the extent that they withdrew, with prejudice, the tax certiorari proceeding for the 1974/1975 tax year. He alleged that he had received no notice of the intended disposition and that he had a substantial interest in the reduction of the 1974/1975 taxes because it was his burden to pay those taxes, whereas the petitioner-owner, since its interest in the premises was being foreclosed, had no incentive to secure a reduction for the tax year as to which it had not paid the taxes. Special Term properly concluded that "a receiver in a mortgage foreclosure, upon timely application, would be granted leave to intervene in a tax certiorari proceeding to continue the litigation for the benefit of any person entitled to a possible refund" (see *People ex rel. Ambroad Equities v Miller,* 289 NY 339), and that the receiver herein had an interest in keeping the litigation alive for the tax year 1974/1975. Nevertheless, as held by Special Term, there are issues of fact as to the degree of diligence exercised by the receiver (i.e., laches), which "cannot be summarily decided on the affidavits presented." I agree that such issues are present. However, Special Term did not order these factual issues to be tried by the court, pursuant to CPLR 2218, as would ordinarily be the case. Instead, it concluded that a plenary action was required (see *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435), and that this case did not fall within any exception to that rule (cf. *Phoenix Assur. Co. v Stark Mobile Homes,* 39 AD2d 514). If I thought it appropriate to proliferate exceptions to *Yonkers Fur Dressing,* I would add to that group applications to vacate made by a nonparty whose interest was adversely affected by the discontinuance (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3217:10, p 1012; see, also, *Lehrl v Hudson Tr. Lines,* 76 Misc 2d 625). I believe, however, that this is unnecessary and that the time has come to accept the fact that *Yonkers Fur Dressing* is outmoded and "exalts procedure over substance" (see Siegel, Practice Commentaries, p 1013). A plenary action creates an unwarranted

burden of effort and causes delay where a speedy determination is particularly necessary. Parties should know as soon as possible whether an action which is seemingly disposed of (and on the basis of which collection proceedings may be in process) is truly at an end. This case, involving a receivership whose life is necessarily short, is but another example of the need for the speedy determination by motion in the existing action, followed by speedy trial pursuant to CPLR 2218 if there are fact issues which cannot be determined by affidavits and exhibits. The plenary suit (prudently instituted by the receiver after the denial of his motion), of which we learned upon the argument of this appeal, is (we have also so learned) bogged down in numerous pretrial motions. Unquestionably the matter would be disposed of far more expeditiously by a trial ordered by Special Term of the issues raised by the motion (see CPLR 2218). I cannot perceive of any beneficent end to be served by requiring an independent action. As pointed out by Prof. Siegel (Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3217:10, p 1013): "The court should have as much jurisdiction to entertain a motion to vacate a stipulation of discontinuance as it has to open a default, a procedure which also involves a mere motion (under CPLR 317 or 5015)." The rationale of the 1928 decision in *Yonkers Fur Dressing (supra)* was in large part expressed in the court's conclusion (247 NY 435, 446) that the termination of an action by a compromise and discontinuance should not be undone "on conflicting affidavits", i.e., where there are issues of fact. It is to be noted that it was not until the enactment of the CPLR in 1962 that the right of the court to order fact issues raised on a motion to be tried by the court or a referee was given statutory authority (CPLR 2218). The present routineness of such proceedings demonstrates, more than ever, that whatever pragmatic rationale there was to requiring a plenary suit for such relief in 1928 is no longer present. I would therefore remand the motion to Special Term for trial pursuant to CPLR 2218. [88 Misc 2d 35.]