# THIRD DEPARTMENT, MAY, 1978

## (May 4, 1978)

■ ARTHUR A. TAYLOR, SR., as Administrator with Limited Letters of Administration of the Estate of Kathleen M. Taylor, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 50944.)—Appeal from an order of the Court of Claims, entered December 11, 1974, which granted claimant's motion to file an amended claim. Claimant's daughter was murdered by a State prison parolee and a claim was filed against the State. In June, 1970, the Court of Claims denied a motion by the State to dismiss the claim. We reversed and dismissed, but granted leave to claimant to move in the Court of Claims for permission to file an amended claim *(Taylor v State of New York,* 36 AD2d 878). Claimant appealed our order to the Court of Appeals. In opposition to the State's motion in the Court of Appeals to dismiss the appeal on the ground that our order was nonfinal, claimant filed several affidavits wherein both claimant and his attorney averred that (1) the affidavits were made for the purpose of assuring the court and the Attorney-General that the order of the Appellate Division was considered by them to be final, (2) that no application would be made to the Court of Claims for permission to amend the claim, and (3) that they stipulated to judgment absolute in the event of affirmance of the order of the Appellate Division. There is no evidence in the record that the Court of Appeals, based on the affidavits, denied the State's motion to dismiss the appeal. Thereafter, on March 19, 1974, the Court of Appeals, on its own motion, dismissed claimant's appeal because of delay in prosecution. Claimant's motion for an order vacating the order of dismissal was denied by the Court of Appeals on July 11, 1974. Claimant then moved in the Court of Claims for leave to amend the claim. Judge Becker of that court found that our order dismissing the claim with leave to amend was conceptually inaccurate, since one cannot amend a claim that has been dismissed. Therefore, he denied

claimant's motion to amend the claim without prejudice to renew on proper papers so as to comply with the direction of our order. No appeal was taken from this order. Thereafter, claimant moved before Judge Blinder of the Court of Claims, for leave to file a full and complete amended claim, as distinguished from the proposed amendments to the original claim found to be unsatisfactory by Judge Becker, and Judge Blinder granted the motion. This appeal ensued. While there may be disparate views as to what nomenclature would best describe the verbiage contained in the affidavits of claimant and his attorney, we are united in the view that such language does not constitute a stipulation that, upon affirmance, judgment absolute may be entered (CPLR 5601, subd [c]). Since such a stipulation can only be made where an appeal is taken to the Court of Appeals from an order of the Appellate Division granting or affirming the granting of a new trial, it would be inappropriate under the facts herein. Next, we also conclude that the recitations contained in the affidavits are unilateral, self-serving and gratuitous. Since the State did not agree or join with claimant in urging the Court of Appeals to rely on the statements, they cannot be equated with a stipulation which draws its vitality from the consent of the parties. The utter meaninglessness of the averments can best be gleaned from a hypothesis that exposes their impotence. If the order appealed to the Court of Appeals was nonfinal, that court would have to dismiss the appeal since the appealed order would not finally determine the matter within the meaning of the Constitution *(Joffe v Rubenstein,* 21 NY2d 721). No affidavits by an appellant could alter that consequence. Similarly, if the order appealed was final, affidavits would be unnecessary. Against this backdrop, it is clear why the record does not contain an order of the Court of Appeals denying the State's motion to dismiss upon the ground that the order was nonfinal. The Court of Appeals is not a pedagogic body. It does not instruct. When the time to perfect the appeal had elapsed (22 NYCRR 500.7 [a]), it was dismissed. Since the State does not appeal from that part of the order below that incorporates Judge Becker's decision holding, *inter alia,* that the amended claim was timely filed, and further, does not attack the amended claim on the ground that it fails to state a cause of action, we need only pass on the State's contention that claimant is collaterally estopped from attacking his "stipulations" filed in the Court of Appeals by the motion to file an amended claim. We reject that contention. Since the "averments", "allegations" or "statements" contained in the affidavits were nothing more than communications, there is no need to explore that line of cases dealing with the issues of whether a party can be relieved of an improvident stipulation *(Matter of Frutiger,* 29 NY2d 143) and in what court that motion should be made *(Matter of Horton,* 51 AD2d 856, 857). The sole issue is prejudice, if any, to the State. That issue could only be relevant if the State changed its position to its detriment, and the best evidence it did not is its failure to appeal from that part of the order below holding the filing of the amended claim to be timely. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.